# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-KA-00238-SCT

*LOURDES BASTO MEDINA*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/26/93 |
| TRIAL JUDGE: | HON. JERRY OWEN TERRY SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JIM DAVIS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| | MARY JANE LEMON |
| DISTRICT ATTORNEY: | CARANNA, CONO, |
| NATURE OF THE CASE: | CRIMINAL - CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/21/96 |
| MOTION FOR REHEARING FILED: | 12/2/96 |
| MANDATE ISSUED: | 3/27/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Lourdes Basto Medina appeals to this Court her conviction in the First Judicial District of the Harrison County Circuit Court of transfer of cocaine. Having made multiple sales of narcotics to an undercover agent, Medina was subject to life imprisonment without parole under Miss. Code Ann. § 41-29-139(f)(1972). However, the lower court bifurcated the trial and the jury considered only the evidence regarding the transfer of cocaine, after which Medina was convicted of this offense.

¶2. In post-trial hearings, the defense demurred to the indictment, arguing that the enhanced penalty of Miss. Code Ann. § 41-29-139(f) was unconstitutionally void for vagueness. The trial court judge agreed and held the statute to be unconstitutional. Medina was sentenced to thirty years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $1,000. Aggrieved, Medina appeals her conviction. This Court affirms the conviction and sentence.

¶3. The State of Mississippi cross-appeals and argues that the trial court erred in holding Mississippi Code Ann. § 41-29-139(f) unconstitutional. Because this issue is not properly before this Court we

do not address the constitutionality of this statute.

## STATEMENT OF THE FACTS

¶4. Lourdes Basto Medina was indicted on two counts of transfer and one count of sale within one thousand feet of Gulfport High School and three counts of sale of a controlled substance to Mississippi Bureau of Narcotics Agent Kevin Bell, during a consecutive time period commencing in September, 1991 and continuing until January, 1992. The charge which is the subject of this appeal was the transfer of cocaine by Medina to Agent Bell on January 10, 1992. This transaction was videotaped.

¶5. Medina filed a motion to quash, dismiss, or demurrer to the indictment and a motion to strike the sentencing portion of the indictment. Medina also filed a motion to subpoena witnesses Carlos Fernandez and Angela Fernandez and to extradite Carlos Fernandez from the Baldwin County, Alabama jail. The circuit court ordered subpoenas for Angela and Carlos Fernandez on February 5, 1993. On that same date, Medina filed a motion for continuance which the trial court granted by moving the trial to February 10, 1993. On February 8, 1993, the trial court overruled the motion to dismiss or quash the indictment and the motion to strike the sentencing part of the indictment.

¶6. On February 10, 1993, Medina filed an amended petition for a Writ of Habeas Corpus to secure Carlos Fernandez from the jail located in Bay Minnette, Alabama. Although the trial judge issued the writ, the federal authorities who had custody of Carlos, refused to comply.

¶7. In addition, on February 10, 1993, Medina renewed her motion to quash or demurrer to the indictment on the grounds that § 41-29-139(f) was unconstitutionally vague. Because of the enhancement portion of § 41-29-139(f), Medina was subject to life imprisonment without parole. The trial court held a bifurcated trial, with the jury only considering the evidence regarding the sale of cocaine. Medina was convicted, and on February 19, 1993, after the presentation of mitigating evidence, Medina was sentenced to thirty years in the custody of the Mississippi Department of Corrections and to pay a fine of $1,000.

¶8. Subsequent to sentencing Medina, Circuit Judge Jerry Terry declared the "kingpin" or penalty enhancement section of §41-29-139(f) unconstitutional void for vagueness and did not sentence Medina to the enhanced penalty of life imprisonment without parole.

¶9. Medina's motion ore tenus for a new trial was orally overruled, but no written order, in accordance with M.R.A.P. 4(e), was entered. Thus, the State moved this Court to dismiss the appeal for lack of jurisdiction. This Court denied the motion and found Medina's motion to be moot. Medina was granted an out of time appeal.

## DISCUSSION OF LAW

### I. WHETHER THE TRIAL COURT ERRED IN FAILING TO QUASH THE INDICTMENT?

¶10. Medina challenges the validity of the indictment in the present case on several grounds, all of which relate to § 41-29-139(f). Paramount to this Court's consideration of this issue is that Medina

was not sentenced under § 41-29-139(f) and thus was not subjected to life imprisonment without parole. Rather, Medina was sentenced to a term of thirty years for a simple sale of cocaine; thus, she was unharmed by the enhancement provision. Prior to discussing the various grounds complained of by Medina, this Court will again make it clear that the ultimate test, when considering the validity of an indictment on appeal, is whether the defendant was prejudiced in the preparation of his defense. *Allman v. State*, 571 So. 2d 244 (Miss.1990). In the case at bar, Medina has failed to demonstrate such prejudice.

¶11. First, Medina argues that the indictment was materially flawed in that it did not allege two facts: (1) that the defendant was twenty-one years or older and (2) that Medina sold cocaine over a period of twelve consecutive months. The statutory age requirement applies only to the enhancement section of the indictment and was not applicable to the principal offense. Moreover, the trial court, during the motion to quash, found the indictment correctable since the issue was one of form and not substance and therefore allowed the State to amend the indictment to accurately reflect Medina's age.

¶12. Specifically applicable to Medina's case is *Griffin v. State*, 540 So. 2d 17, 21 (Miss.1989) (*quoting* **Reed v. State**, 506 So. 2d 277, 279 (Miss.1987)) wherein this Court held:

> The test of whether an accused is prejudiced by the amendment of an indictment or information has been said to be whether or not a defense under the indictment or information as it originally stood would be equally available after the amendment is made and whether or not any evidence [the] accused might have would be equally applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, the amendment is one of form and not of substance.

The record fails to show that Medina was unable to prepare a defense due to the omission in or the amendment to the indictment regarding her age. Moreover, she wholly fails to even suggest such prejudice or harm. Thus, the trial court did not commit error in overruling the motion to quash the indictment on these grounds.

¶13. Medina also argues that the indictment was materially flawed in that it failed to specifically set forth the fact that Medina sold controlled substances over a twelve-month consecutive period. The indictment is clear; Medina was charged with selling various controlled substances over a period commencing in September 5, 1991 until January 10, 1992. The time period contained in the indictment is consecutive and is within a twelve month period. We find no merit to this argument.

¶14. Medina's claim that she would have pled guilty if she had known she faced life imprisonment without parole is totally one of hindsight. It is also in direct contradiction to her stance at trial. During her motion to quash the enhancement section of the indictment, defense counsel advised the trial court that Medina had a heavy burden knowing she faced life without parole. Moreover, prior to trial, defense counsel advised the court, "At this time Ms. Medina has always indicated clearly to me she plans to go to trial on these charges anyway." The record simply does not support Medina's argument.

¶15. In addition, Medina argues that if the trial court had dismissed the indictment prior to trial, a reasonable plea could have been negotiated. Specifically, Medina relies on the State's recommended plea offer of twenty years. However, the record clearly establishes that the State's recommended plea

was twenty years **without parole**. Thus, even if Medina had accepted the State's offer, she would have faced a sentence without parole. Medina is guaranteed no right to plea bargain. The United States Supreme Court has expressly held "[T]here is no constitutional right to a plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561(1977). This argument is pure hindsight and one without merit.

¶16. Lastly, Medina argues that § 41-29-139(f) is not an enhanced penalty statute, but rather constitutes a separate offense. Thus, Medina concludes that the indictment was flawed as it charged two separate crimes within a single count indictment. This issue, however, is not properly before this Court. The law is settled that objections to indictments on the grounds that they are duplicitous must be raised before the return of the verdict. *Hitt v. State*, 217 Miss. 61, 63 So.2d 665 (1953); *Wilkinson v. State,* 77 Miss. 705, 709, 27 So. 639, 640 (Miss. 1990)(objection cannot be made after verdict to an indictment bad for duplicity). Contrary to Medina's argument, *Burchfield v. State*, 277 So.2d 623 (Miss. 1973) does not indicate otherwise. In *Burchfield*, this Court held that an error in an indictment may be first raised after the verdict where the indictment has failed to charge the essential or material ingredients of the offense that have been set forth in the enabling code section. *Burchfield* cannot be rationally read to suggest that an indictment which could be construed to charge the essential elements of more than one crime may be first challenged after the trial.

¶17. Medina concedes that she did not raise this issue until after the trial. Thus, this Court will not decide this issue on the merits. Nevertheless, it is clear on the record before us that we could not decide this issue in Medina's favor, even if we were to reach it. Any error that resulted from the indictment's possible duplication was harmless, because the ambiguity did not diminish her ability to defend herself against the charge on which she was ultimately convicted. The simple sale of cocaine on one occasion, for which she was found guilty, is quite clearly a lesser included offense of the "drug kingpin" provision, § 49-29-139(f), regardless of whether or not that provision constitutes an enhancement or an entirely separate crime. Thus, even had Medina been confused as to whether she was required to erect a defense against § 49-29-139(f), she had ample notice that she needed to defend herself against the lesser crime for which she was convicted. Hence, Medina has demonstrated no prejudice. The sanctions imposed upon Medina were within the ambit of § 41-29-139. There is no merit to this issue.

## II. WHETHER THE TRIAL COURT ERRED IN DENYING MEDINA'S MOTION FOR A CONTINUANCE?

¶18. Medina argues that the trial court erred when it denied her motion for a continuance to obtain the presence of a witness, Carlos Fernandez. The trial court may use its sound discretion in considering whether to grant a continuance. *Johnson v. State*, 631 So. 2d 185, 189 (Miss.1994). Unless a manifest injustice results from the denial of the continuance, this decision will be upheld on appeal. *Id.* Medina has failed to demonstrate such injustice.

¶19. During all relevant times, Carlos Fernandez was in federal custody in Alabama. The record reveals that the process for securing a federal prisoner located out of state generally takes thirty to ninety days. Medina's request was made on Friday before the Monday morning trial date. Despite the last minute request, the trial court granted the writ of habeas corpus. However, the short notice had no effect on federal authorities in whose custody Carlos Fernandez remained.

¶20. Other than requesting the writ of habeas corpus, Medina made no additional efforts to secure the presence of Carlos Fernandez. Rather, Medina relied solely on the State. Although the State made every effort to extradite Fernandez, his presence could not be obtained. The trial court, recognizing the State's efforts, stated: "[T]his is not a witness who is easily accessible by the state but is in federal custody. I would take it that they are doing everything possible to have him here."[(1)] The court also noted that if the prisoner declined extradition he could not be compelled to testify.

¶21. In light of these circumstances, the trial court found Medina's request to be untimely and denied the motion for a continuance. Given that Medina only requested Fernandez be present on the Friday before the trial, coupled with the fact that Medina relied solely on the State to secure Fernandez, and that the process to secure such a prisoner generally requires thirty to ninety days, this Court does not find the trial court abused its discretion. Had this witness been critically important to the trial, the recommended course of conduct would have been to secure the presence of that witness well in advance of trial; or at least before the last working day before trial. Therefore, this Court holds that Medina has failed to demonstrate injustice resulting from the denial of the motion for continuance. This issue is without merit.

¶22. Medina was also required by Miss. Code Ann. § 99-15-29 (1972), to file an affidavit showing: (1) the facts expected to be proven by the absent witness or documents that the court could judge the materiality of such facts; (2) the name and address of the absent witness; (3) a statement that the affiant has used due diligence to obtain the absent witness or documents, setting out what diligence was used; and (4) a statement that the continuance is sought not for delay only, but that so justice may be done. Medina failed to file such an affidavit. The trial court is affirmed on this issue.

## THE CROSS-APPEAL OF THE STATE

### III. WHETHER THE TRIAL COURT ERRED IN DECLARING MISS. CODE ANN. SECTION 41-29-139(f) UNCONSTITUTIONALLY VAGUE?

¶**23.** On March 2, 1993, the trial court held that §41-29-139(f), the enhanced penalty statute, was void for vagueness and therefore unconstitutional. Judge Terry, relying on *Cassibry v. State*, 404 So. 2d 1360, 1367 (Miss.1981), found the statute unconstitutional because, "it is so vague and uncertain that if [sic] does not inform those subject to it what acts it is their duty to avoid, or what conduct on their part will render them liable to its penalty." However, Judge Terry did not set forth specific reasons in the written order to indicate to this Court specific grounds upon which he believed this statute failed to inform those subject to it what acts it is their duty to avoid, or what conduct on their part will render them liable to its penalty. Moreover, the Original Motion to Dismiss, Quash, or Demurrer to the Indictment is not contained within the record.

¶24. This Court has repeatedly held that "[t]his Court will not consider matters which do not appear in the record and must confine itself to what actually does appear in the record." *Robinson v. State*, 662 So.2d 1100, 1104 (Miss.1995). Moreover, we cannot decide an issue based on assertions in the briefs alone; rather, issues must be proven by the record. *Id.* (*citing Ross v. State*, 603 So.2d 857, 861 (Miss.1992). This issue is not properly before this Court. We therefore decline to address the constitutionality of § 41-29-139(f).

## CONCLUSION

¶25. The trial court did not err in refusing to quash the indictment, which was more than sufficient to enable Medina to prepare a defense. Any deficiencies within the language of the indictment were clearly matters of form and not of substance and were properly remedied by the State's amendment. Likewise, the trial court did not abuse its discretion in denying Medina's motion for a continuance.

¶26. **CONVICTION OF TRANSFER OF A CONTROLLED SUBSTANCE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF $1,000.00 FINE AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR. PITTMAN, J., NOT PARTICIPATING.**

1. The State, at its own expense, secured the presence of a second witness located in Miami, Florida.