¶ 1. Terry Pullem filed a petition for post-conviction relief which was dismissed. He claims that his plea was involuntarily due to the fact that the trial court erroneously denied his motion for a continuance. *Page 794 
He now appeals the dismissal of his petition. Finding no error, we affirm.
 FACTS
¶ 2. In June, 1998, a Hinds County grand jury indicted Pullem for the sexual battery of a child. On November 30, 1999, Pullem pleaded guilty to the charge and the trial court sentenced him to fifteen years' imprisonment in the Mississippi Department of Corrections with five years suspended. On August 24, 2000, Pullem petitioned the Hinds County Circuit Court for post-conviction relief, alleging that his guilty plea had been involuntarily given due to the trial court's erroneous denial of a continuance. After looking at the evidence presented by Pullem, the trial court summarily dismissed his petition.
 LAW AND ANALYSIS
¶ 3. "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Brownv. State, 731 So.2d 595, 598 (¶ 6) (Miss. 1999).
¶ 4. Pullem argues that his guilty plea was not voluntarily given. According to Pullem, but for the trial court's erroneous denial of his motion for a continuance, he would not have pleaded guilty. The burden of proving that a guilty plea was made involuntarily is on Pullem and must be proven by a preponderance of the evidence. Stevenson v.State, 798 So.2d 599, 602 (¶ 7) (Miss.Ct.App. 2001). "A plea is deemed `voluntary and intelligent' only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea." Alexander v. State, 605 So.2d 1170, 1172 (Miss. 1992). In determining whether Pullem's plea was made knowingly and voluntarily, an examination of the entire record must be conducted. Weatherspoon v.State, 736 So.2d 419, 421 (¶ 5) (Miss.Ct.App. 1999). Unfortunately, Pullem provides us with no evidentiary basis for finding his plea was involuntarily given. Pullem has failed to include within the record the motion for continuance, the resulting order of denial, the transcript of the sexual battery guilty plea, and the petition to enter a plea of guilt. The Mississippi Supreme Court has "repeatedly stressed that the necessary transcripts are to be made part of the record, and that the appellant bears the burden of presenting a record which is sufficient to undergird his assignment [of error]." Williams v. State, 522 So.2d 201, 209 (Miss. 1988). See also Green v. State, 802 So.2d 181, 184 (¶ 19) (Miss.Ct.App. 2001) (noting that appellant bears the burden of establishing a claim for relief in post-conviction actions); McKnight v.State, 738 So.2d 312, 317 (¶¶ 13-14) (Miss.Ct.App. 1999). Without any evidence of the plea in the record, we are unable to address Pullem's assertions of error; therefore, his assignment of error is without merit.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSINGTHE MOTION FOR POST-CONVICTION RELIEF WITH PREJUDICE IS AFFIRMED.ALL COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE,IRVING, MYERS AND BRANTLEY, JJ., CONCUR.
 *Page 1