LEE, J., for the court.
PROCEDURAL HISTORY AND FACTS
¶ 1. Karlton Lee Bradley pled guilty in the Forrest County Circuit Court to two counts of conspiracy to distribute a controlled substance and seven counts of sale of a controlled substance. On August 5, 1997, the judgment of conviction was entered and Bradley was sentenced to twenty years in the custody of the Mississippi Department of Corrections in each of the cause numbers with fifteen years to serve and five years suspended to run concurrently. Bradley was also ordered to pay a $20,000 fine, with $10,000 suspended, and all court costs.
¶2. On July 27, 2000, Bradley filed a motion for post-conviction relief in the Forrest County Circuit Court stating that his plea of guilty was not voluntary, as a result of pressure by the lower court and ineffective assistance of counsel. After an evidentiary hearing, the trial court entered its motion denying post-conviction relief on January 7, 2002. Bradley then perfected his appeal to this Court asserting that his guilty pleas were involuntary due to pressure by the lower court and ineffective assistance of counsel.
DISCUSSION OF ISSUE
¶ 3. In reviewing a trial court’s denial of post-conviction relief, our standard of review is well stated. We will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Ct.App.2000).
¶ 4. We must note that in his brief, Bradley asserts that the State has the burden of proving the voluntariness of a guilty plea by clear and convincing evidence. However, the Mississippi Supreme Court and this Court have ruled on numerous occasions that the defendant must prove by a preponderance of the evidence that his guilty plea was involuntarily or unknowingly entered. See House v. State, 754 So.2d 1147(¶ 25) (Miss.1999); Newman v. State, 820 So.2d 768(¶ 8) (Miss.Ct.App.2002); Pullem v. State, 820 So.2d 793(¶ 4) (Miss.Ct.App.2002).
¶ 5. With this issue, Bradley contends that he was coerced into pleading guilty as a result of pressure by the trial judge and ineffective assistance of counsel. However, as Bradley fails to mention in his brief *758 how or why his trial counsel was ineffective, we decline to discuss that part of the issue on appeal.
¶ 6. The focus of Bradley’s argument is based upon an alleged conference with the trial judge, the prosecutors, the defense attorney, and two law students in which Bradley felt coerced into pleading guilty. At the post-conviction evidentiary hearing Bradley testified to the details of this meeting and his mother testified that she had overheard what had occurred during this meeting through an open door. The judge hearing the post-conviction motion found this issue to be without merit. In her order denying post-conviction relief, the judge found that Bradley, while answering questions from the trial judge during the plea hearing, denied any coercion in deciding to plead guilty. Bradley answered these questions under oath, on the record, and in the presence of his trial counsel.
¶ 7. Furthermore, in her order denying relief, the judge also stated that “this Court can only conclude that Bradley was telling the truth at his plea hearing rather than now, on appeal. Additionally, the State submitted three affidavits, ... stating that the alleged conversation between Judge O’Barr and Bradley never took place. The Court finds that this issue is without merit.”
¶ 8. We cannot disturb a lower court s findings unless they are found to be clearly erroneous, and here, we cannot find so.
¶ 9. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ, BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.