ISHEE, J.,
 

 for the Court.
 

 ¶ 1. Terry Sanders originally pleaded guilty to murder in 1981 and was sentenced as a habitual offender to life without parole. On June 24, 2008, Sanders filed a motion for post-conviction relief in the Circuit Court for the Second Judicial District of Harrison County. The circuit court found that Sanders had previously filed a motion for post-conviction relief based on the same allegations, the denial of which the supreme court had affirmed.
 
 See Sanders v. State,
 
 700 So.2d 329 (Miss.1997). Therefore, the circuit court found that Sanders’s motion was barred as a successive writ, and the court denied relief. Sanders timely filed an appeal. In his appeal, he alleges that intervening rules and decisions of the supreme court prevent his claim from being barred as a successive writ. He also alleges that he was prejudiced because the Honorable James Thomas presided over an evidentiary hearing in 1985 and was also the assistant district attorney who handled Sanders’s indictment in 1981.
 

 DISCUSSION
 

 ¶ 2. This Court will not disturb a circuit court’s denial of a motion for post-conviction relief unless the circuit court’s findings were clearly erroneous.
 
 Pullem v. State,
 
 820 So.2d 793, 794(¶ 3) (Miss.Ct.App.2002) (quoting
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999)). Under Mississippi Code Annotated section 99-39-23(6) (Supp.2008), an order denying or dismissing a motion for post-conviction relief shall be a bar to the filing of a second or successive motion for post-conviction relief.
 

 ¶ 3. In the present case, the circuit court found that Sanders’s motion was barred as a successive writ because he had previously filed a similar motion for post-conviction relief, which had been denied. Sanders does not dispute this fact; instead, he argues that the enactment of Uniform Rule of Circuit and County Court 7.09 should allow him to overcome the
 
 *1202
 
 successive-writ bar. He relies on the exception to section 99-39-23(6), which excepts a claimant from the successive-writ bar if he can show an intervening decision of the United States Supreme Court or the Mississippi Supreme Court that would have adversely affected the outcome of his conviction or sentence. We see no merit to this argument.
 

 ¶ 4. Rule 7.09 provides the following:
 

 All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as [a] habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement (e.g., driving under the influence, Miss.Code Ann. § 63-11-30). Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
 

 Despite the fact that Rule 7.09 was enacted in 1995, it was the long-standing law in Mississippi that a substantive amendment to an indictment may only be made by a grand jury. In
 
 Griffin v. State,
 
 584 So.2d 1274, 1275-76 (Miss.1991), the supreme court summarized the law on amending an indictment. The supreme court stated the following:
 

 An indictment may not be amended to change the nature of [a] charge, except by action of the grand jury which returned the indictment.
 
 [Akins] v. State,
 
 493 So.2d 1321, 1322 (Miss.1986), [ (jetting
 
 Jones v. State,
 
 279 So.2d 650, 651 (Miss.1973)[) ]. “To be permissible, the amendment to an indictment must be of form and not of substance.”
 
 Id.
 
 [ (citing
 
 Contreras v. State,
 
 445 So.2d 543, 545 (Miss.1984)[) ];
 
 Hannah v. State,
 
 336 So.2d 1317, 1321 (Miss.1976).
 

 Griffin,
 
 584 So.2d at 1275. There was no intervening case handed down by either the United States Supreme Court or the Mississippi Supreme Court that held otherwise.
 

 ¶ 5. Notwithstanding the successive-writ bar, Sanders entered a guilty plea with no objection to the indictment. A valid guilty plea waives all non-jurisdictional defects in an indictment.
 
 Kincaid v. State,
 
 711 So.2d 873, 877(¶ 20) (Miss.1998) (citing
 
 Jefferson v. State,
 
 556 So.2d 1016, 1019 (Miss.1989)). A guilty plea does not waive either: “(1) the failure of an indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense” or “(2) subject matter jurisdiction.”
 
 Id.
 
 Neither of these exceptions apply to the present case. Therefore, Sanders waived the complaints he had with his indictment.
 

 ¶ 6. Additionally, in the case of a guilty plea, a motion for post-conviction relief must be filed within three years from the date of the entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Rev.2007). Sanders’s motion was filed approximately twenty-seven years after he entered his guilty plea, which was twenty-four years beyond the time he was allowed to file a post-conviction relief motion. Therefore, in addition to being barred as a successive writ, Sanders’s motion is also time-barred.
 

 ¶ 7. On appeal, this Court’s review is limited to what appears in the record, and we will not consider matters that are not contained in the record.
 
 Jones v. State,
 
 776 So.2d 643, 649(¶ 17) (Miss.2000) (citing
 
 Medina v. State,
 
 688 So.2d 727, 732 (Miss.1996)). “We can not [sicj decide an issue based on assertions in the briefs alone; rather, issues must be proven by the record.”
 
 Id.
 
 (quoting
 
 Medina,
 
 688 So.2d at 732). The appellant bears
 
 *1203
 
 the burden of including in his appeal all necessary items in the record.
 
 Bennett v. State,
 
 933 So.2d 930, 944(¶ 45) (Miss.2006). There is nothing in the record to reflect that a hearing took place in 1985 or what may have taken place at that hearing. Therefore, not only was Sanders’s motion barred as a successive writ and as being untimely filed, there is nothing substantive presented for this Court to review.
 

 ¶ 8. We find no error with the circuit court’s ruling that Sanders’s motion for post-conviction relief was procedurally barred. Therefore, we find that Sanders’s appeal is without merit, and we affirm the circuit court’s denial of his motion for post-conviction relief.
 

 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.