KITCHENS, Justice,
dissenting:
• ¶ 37.- Because Shirley Warren was deprived of her federal and state constitutional rights to notice of the nature and cause of the accusation against her, I respectfully dissent. I would hold that an indictment under Mississippi Code Section 47-6-198(1) for possession • of a controlled substance in a correctional facility must identify the controlled substance that the defendant allegedly' possessed. Because Warren’s indictment omitted this information, she lacked notice of an essential fact of the offense that could have enabled her to defend the charge on the ground that her possession of the controlled substances was authorized by law. See Miss.Code Ann. 47-5-198(1) (Rev.2015).
¶ 38. The Sixth Amendment to the United States Constitution guarantees the accused the right “to be informed of the nature and cause of the accusation.” U.S. Const, amend. VI. The Mississippi Constitution provides that “the accused shall have a right ... to demand the nature and cause of the accusation.” Miss. Const, art 3, § 26. Uniform Rule of Circuit - and County Court Practice 7.06 requires that an indictment Contain a “plain, concise and definite written statement of the essential facts constituting the offense charged.” Under this rule, an indictment also must “fully notify the defendant of the nature and cause of the accusation.” URCCC 7.06. This Court has held that a sufficient indictment.contains “(1) the essential ele- *630 merits of the crime charged, (2) sufficient facts to fairly inform the defendant of the charge which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same-. offense.” Hardy v. State, 137 So.3d 289, 301 (Miss.2014). The ultimate test of an indictment’s validity is whether the defendant was prejudiced in preparing her defense. Medina v. State, 688 So.2d 727, 730 (Miss.1996).
¶ 39. Warren was indicted for violating Mississippi Code Section 47-6-198(1), which provides that “[i]t is unlawful for any person to sell within, bring to, or be in possession of, in any correctional facility or convict camp within the state or any county, municipal or other jail within the state, except as authorized by law, any controlled substance or narcotic drug.” Miss.Gode Ann. § 47-6-198(1) (Rev.2015). Warren’s indictment for violating Section 47-5-198(1) did not identify the controlled substance she allegedly possessed. It simply stated that Warren had possessed “a controlled substance” in the Winston-Choctaw Regional Correctional Facility.
¶40. The majority writes that an indictment that simply tracks the. statute generally will be held to provide sufficient notice. But this ignores the requirement that, in addition to listing the essential elements of the crime, an indictment must contain sufficient facts to inform the defendant fairly of the charge against which she must defend, and must be specific enough to enable her to plead double jeopardy if she is prosecuted for the same offense in the future. Hardy, 137 So.3d at 301. The majority finds that, because Section 47-5-198(1) proscribes possession of any controlled substance in -a correctional facility, and neither the crime nor the penalty depends upon the specific controlled substance possessed, it is unnecessary for the State to identify the controlled substance in the indictment. I cannot agree. Under Section 47-5-198(1), possession of a controlled substance in a correctional facility is not illegal'if the possession is “authorized by law.” Miss.Code Ann. § 47-5-198(1) (Rev.2014). As Warren argued during a pretrial hearing, if she undertook to prepare a prescription defense or other defense that she had legal, authority for the possession, she would have been unable to do so without knowing the specific controlled substance that the State would attempt to prove she possessed.
■ ¶ 41. A defendant charged with possession of a controlled substance in a correctional facility cannot prepare a defense that the possession was authorized by law without knowing the identity of the controlled substance the State will attempt to prove the defendant possessed. State and federal law are replete with examples of substances defined as controlled.' Mississippi’s Uniform Controlled Substances Law lists more than 350 individual substances classified as controlled substances. Miss. Code Ann. §§ 41-29-113-121 (Rev. 2013). A defendant charged with possession of a controlled substance in a correctional facility should not be forced to guess which substance or substances out of hundreds the State will attempt to prove the defendant possessed. And, while the majority relies on the fact that the identity of the controlled substance is subject to mandatory discovery under Uniform Rule of Circuit and County Court Practice 9.04(A), discovery is no substitute for constitutionally sufficient notice in the indictment. That is especially evident in this case, in which Warren filed a motion to suppress the crime laboratory’s test results identifying the drugs on the basis of late disclosure by the State.
¶42. I would hold that, because the indictment did not identify the controlled substance which Warren allegedly pos *631 sessed, she did not receive constitutionally sufficient notice of the nature and cause of the accusation against her. A defendant charged with a violation of Section 47-5-198(1) must be notified of the identity of the controlled substance to defend the charge. Because Warren’s indictment was fatally defective, I would reverse and render Warren’s conviction for possession of a controlled substance in a correctional facility.
KING, J., JOINS THIS OPINION.