862 So.2d 554 (2003)
Jimmy FORD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01124-COA.
Court of Appeals of Mississippi.
December 9, 2003.
*555 William Mitchell Moran, attorney for appellant.
Office of the Attorney General, by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., MYERS and GRIFFIS, JJ.
MYERS, J., for the Court.
¶ 1. Jimmy Ford appeals his conviction of strong armed robbery. He asserts the following issues as errors:
I. DID THE TRIAL COURT ERR BY FORCING THE DEFENDANT TO GO TO TRIAL ONLY NINE DAYS AFTER HIS INDICTMENT?
II. WAS THE DEFENDANT PREJUDICED BY AN OUT OF COURT DISCUSSION BETWEEN THE TRIAL JUDGE AND THE JURY?
III. DID THE TRIAL COURT ERR BY PROHIBITING THE APPELLANT FROM CALLING AN ALIBI WITNESS?

FACTS
¶ 2. On December 8, 2001, Oralew Pinkerman and Barbara Howard were operating a fireworks stand when they were robbed by two men. The victims viewed a lineup and identified Jimmy Ford and Thomas Junior May as the robbers. Ford was indicted on May 1, 2002, arraigned on May 2, tried and convicted on May 9, and sentenced to a fifteen year sentence on May 10. There is no evidence in the record of a request for a continuance. Ford argues that a request, made in the judge's chambers, should have been granted because the defense attorney had two cases to try the two days preceding Ford's trial.
¶ 3. At the trial, the victims and May testified against Ford. The defense called Annie Ford, Ford's mother, to the stand. She was going to testify that her son, the defendant, was with her at the time of the robbery. The State objected to the testimony of Annie Ford arguing that the defense had never notified them of the alibi witness. The trial judge ruled that Annie Ford could not testify as to an alibi because the defense failed to disclose the alibi defense. Ford was convicted.

LEGAL ANALYSIS
I. DID THE TRIAL COURT ERR BY FORCING THE APPELLANT TO GO TO TRIAL ONLY NINE DAYS AFTER HIS INDICTMENT?
¶ 4. There is no evidence in the record of a formal request for a continuance. As such, we have no way to review the request. Our law is well settled in that we "will not consider matters which do not appear in the record and must confine [ourselves] to what actually does appear in the record." Wilson v. State, 755 So.2d 2, 4(¶ 8) (Miss.Ct.App.1999) (quoting Medina v. State, 688 So.2d 727, 732 (Miss.1996)). "Moreover, we cannot decide an issue based on assertions in the *556 briefs alone; rather, issues must be proven by the record." Medina, 688 So.2d at 732. As a result, the issue is procedurally barred.
II. WAS THE APPELLANT PREJUDICED BY AN OUT OF COURT DISCUSSION BETWEEN THE TRIAL JUDGE AND THE JURY?
¶ 5. Ford further argues that he was prejudiced when the trial judge spoke to the jury outside of the courtroom. During the motion for a new trial, the trial judge stated he had talked to the jury but not about the case. He stated that the only communication dealt with how the jury was doing and if the trial judge could do anything for the jury.
¶ 6. Ford does not show any prejudice other than his conviction. Ford cannot advance any meaningful argument as to prejudice, except to assume or infer some taint on the jury's deliberations. In addition, Ford has failed to provide any authority in support of his argument. We can not infer prejudice from that type of communication. Gazaway v. State, 708 So.2d 1385, 1387(¶ 7) (Miss.Ct.App.1998). As a result, the issue is procedurally barred.
III. DID THE TRIAL COURT ERR BY PROHIBITING THE APPELLANT FROM CALLING AN ALIBI WITNESS?
¶ 7. Finally, Ford argues that the trial judge failed to follow the guidelines in Box v. State, 437 So.2d 19 (Miss.1983). In addition, Ford argues that the trial court erred when Annie Ford was not allowed to testify as an alibi witness.
¶ 8. Under similar circumstances, we have previously ruled that the trial judge does not have to consider the Box guidelines. Houston v. State, 752 So.2d 1044, 1047 (¶ 11) (Miss.Ct.App.1999). In Houston, the defense attorney produced a list of witnesses the morning of the trial. It was not until the court ordered the defense to disclose the nature of the testimony of two previously non-disclosed witnesses that it was discovered that their testimony would relate to an alibi. The trial judge considered the options granted by Uniform Rule of Circuit and County Court 9.05 and sustained the State's objection to the calling of the alibi witnesses. Houston, 752 So.2d at 1047 (¶ 13). The defense appealed asserting that trial judge failed to consider the Box guidelines. We affirmed stating:
When the supreme court elected to formalize procedures recommended in Box and extend the application of the procedures to defense discovery violations, it incorporated the procedures into Rule 9.04, which dealt with discovery matters pertaining to all areas except matters of alibi. The matter of discovering an alibi defense was handled by a separate rule that set out different duties for the State and the defense from those in Rule 9.04. The rule also set out different sanctions for dealing with violations of the rule. See URCCC 9.05. Rule 9.05 makes no cross-reference to Rule 9.04. Had the supreme court intended the Box procedures to apply to matters of alibi, it could have so provided when, in 1995, it adopted the Uniform Circuit and County Court Rules. We interpret the supreme court's failure to do so as an indication that the court intended for proceedings relating to alibi defenses to continue to be handled differently from other discovery matters.
Houston, 752 So.2d at 1046-47 (¶ 11).
¶ 9. Therefore, the trial judge's refusal to consider the Box guidelines was proper. While the trial judge in this case did not on the record consider the other options available to him under Uniform Rule of Circuit and County Practice 9.05, Ford does not argue that the trial judge should have considered the other options. Thus, we decline to address that issue.
*557 ¶ 10. We do find, however, that the trial court erred in prohibiting Ford's witness from testifying as to his alibi defense. Mississippi Uniform Rule of Circuit and County Court Practice 9.05 states:
Upon the written demand of the prosecuting attorney stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such other time as the court may direct, upon the prosecuting attorney a written notice of the intention to offer a defense of alibi, which notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon which the defendant intends to rely to establish such alibi.
Within ten days thereafter, but in no event less than ten days before the trial, unless the court otherwise directs, the prosecuting attorney shall serve upon the defendant or the defendant's attorney a written notice stating the names and addresses of the witnesses upon whom the state intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.
If, prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information previously furnished, the party shall promptly notify the other party or the party's attorney of the name and address of such additional witness.
Upon the failure of either party to comply with the requirements of this rule, the court may use such sanctions as it deems proper, including:
1. Granting a continuance;
2. Limiting further discovery of the party failing to comply;
3. Finding the attorney failing to comply in contempt; or
4. Excluding the testimony of the undisclosed witness.
This rule shall not limit the right of the defendant to testify in his/her own behalf.
For good cause shown, the court may grant an exception to any of the requirements of this rule.
¶ 11. In our analysis of the rule, it appears that the requirement to disclose alibi witnesses must be triggered by the prosecution. Only after the prosecuting attorney makes a written demand is the defendant then required to provide a written notice of his intent to offer a defense of alibi. In addition, the defendant has ten days to provide this notice along with the requisite information.
¶ 12. Unlike Houston, the record in this case shows no such demand by the prosecution. Even assuming, arguendo, that the prosecution did deliver a written demand to Ford, he would still be entitled to ten days to provide his written notice of intent along with the names of the witness he anticipates calling in support of his alibi defense. Considering the fact that only nine days elapsed from the indictment to the trial, it would have been impossible for Ford to comply with the rule. Therefore, the trial court erred in denying Ford the opportunity to present his alibi witnesses. Ford is entitled to a new trial.
¶ 13. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. COSTS ARE ASSESSED TO LEAKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, *558 THOMAS, LEE, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J.
IRVING, J., concurring.
¶ 14. I agree that this case should be reversed for the reasons stated in the Court's opinion. However, I write to record my view that it was improper for the trial judge to speak with the jury outside of the courtroom and to discourage this sort of conduct on the part of trial judges.
¶ 15. The trial judge stated that he did not discuss the case with the jury and that his communication with the jury was limited to a discussion of how the members were doing and if there was anything he could do for them. There is nothing in the record to contradict or cast doubt on the veracity of the judge's statement. Therefore, I agree with the majority that Ford has not shown any prejudice from what I believe was an improper communication. However, I believe that such ex parte communications especially by the one individual who is suppose to be the quintessential personification of neutrality and impartiality in a judicial proceedingrun the risk of diminishing litigants' confidence in the fairness of the judicial process because of the appearance that some unpropitious discussion may have occurred.
¶ 16. Here, the evidence does not suggest any valid reason why the trial judge could not have waited until after the court had been convened, with the jury in the jury box and counsel and client present, to make the inquiry which was made here. Moreover, I note that Rule 3.02 of the Uniform Circuit and County Court Rules prohibits attorneys from having any personal contact with the jury, and Rule 3.04 prohibits a person, or an attorney for a person involved in any case, from communicating with the jury. While these rules speak to attorney conduct, I cannot imagine any reason why the trial judge, absent some type of emergency or special circumstance, should not conduct himself accordingly while outside the courtroom setting.
KING, P.J., JOINS THIS SEPARATE WRITTEN OPINION.