LEE, P.J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. On May 13, 2003, a jury in the Circuit Court of Sharkey County found Jonathan Hall guilty of vehicle burglary. Hall was subsequently sentenced to serve seven years in the custody of the Mississippi Department of Corrections, the sentence to run consecutively to a prior sentence for the crime of vehicle burglary. Aggrieved, Hall now appeals to this Court asserting that the trial court erred in refusing to allow Hall’s alibi witness to testify and that the trial court erred in allowing the prosecution to impeach the defendant with evidence of a prior conviction.
FACTS
¶ 2. On July 19, 2002, at approximately one o’clock in the morning, Jody Perkins heard noises in his carport. Upon looking *857 out his kitchen window, Jody saw two people in his wife’s car. Jody informed his wife, Natalie, who called 911. Jody shouted at the two men, who jumped into another car and drove away. Jody got into Natalie’s car, followed the two men and secured their license tag number. After returning home, Jody gave the tag number to Natalie, who was still on the phone with the police. Within fifteen minutes the two men were apprehended and returned to the home of the Perkins. Jody then identified the two men as the men in his wife’s car. The two men were identified as Jonathan Hall and Stephen Johnson. Any other pertinent facts will be stated in the discussion of the issues.
DISCUSSION
I. DID THE TRIAL COURT ERR IN FAILING TO ALLOW HALL’S ALIBI WITNESS TO TESTIFY?
¶ 3. In his first issue, Hall argues that the trial court erred in failing to allow his alibi witness to testify. After the jury was empaneled, Hall’s trial counsel, Richard Smith, notified the court that there was a witness, Shirley Powell, who would state that she was with Hall until about one o’clock in the morning on the date of the burglary. Smith further stated that, although he had spoken with Hall on numerous occasions about the upcoming trial, Hall only told Smith about the potential alibi witness on the first day of the trial. The State objected and the trial court sustained the objection, not allowing Powell to testify.
¶ 4. According to Mississippi Uniform Rule of Circuit and County Court Practice 9.05:
Upon the written demand of the prosecuting attorney stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such other time as the court may direct, upon the prosecuting attorney a written notice of the intention to offer a defense of alibi .... (emphasis added).
The rule clearly states that the requirement to disclose an alibi witness is triggered by the prosecution. “Only after the prosecuting attorney makes a written demand is the defendant then required to provide a written notice of his intent to offer a defense of alibi.” Ford v. State, 862 So.2d 664(¶ 11) (Miss.Ct.App.2003). We see nothing in the record to indicate such a written demand by the prosecution.
¶ 5. We do note that once Smith notified the trial court of the alibi witness, the trial court asked if discovery was sought by the State, to which the State responded, ‘Tes, sir.” However, as previously stated, the record contains no written demand by the prosecution and we are not inclined to assume one exists. We find that the trial court erred in denying Hall the opportunity to present his alibi witness; thus, we reverse and remand for a new trial.
II. DID THE TRIAL COURT ERR IN ALLOWING THE PROSECUTION TO IMPEACH HALL WITH EVIDENCE OF A PRIOR CONVICTION?
¶ 6. Although we found reversible error in regards to Hall’s first issue, we nevertheless will discuss Hall’s remaining issue on appeal. In his other issue, Hall argues that the trial court erred in allowing the prosecution to impeach him with evidence of a prior conviction. The admission of evidence is within the discretion of the trial judge. Johnston v. State, 567 So.2d 237, 238 (Miss.1990).
¶ 7. During direct examination of Hall, the following exchange occurred between Hall and his attorney, Mr. Richard Smith:
Mr. Smith: Now, you heard today that he [Stephen Johnson] has now told them *858 [the jury] that you were involved with him in the breaking in of the Perkins’ [sic] automobile.
Hall: Yes, sir.
Smith: You heard that. If that’s not the case, why would he be saying that about you?
Hall: Well, this ain’t the first time when I say allegations like that been brought against me. I have — you know what I’m saying? I have been charged with the same thing, and he knows me from school. You know what I’m saying? Because of the people I associate with at school, you know, he feels like that — you know what I’m saying — I’m capable of doing things, that he know what I did. You know what I’m saying? He knows my background or whatever. You know what I’m saying?
Smith: He thought the police would believe him if he told them it was you? Hall: Yes, sir.
¶ 8. Once the direct examination of Hall ended, the State asked the trial court, outside the presence of the jury, to allow into evidence Hall’s two prior vehicle burglary convictions for the purposes of impeachment under Mississippi Rule of Evidence 609(a)(1). Rule 609(a)(1) states the following:
(a) General Rule. For the purpose of attacking the credibility of a witness, (1) evidence that (A) a nonparty witness has been convicted of a crime shall be admitted subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and (B) a party has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the party....
¶ 9. According to the record, the trial court then performed a balancing test pursuant to Peterson v. State, 518 So.2d 632 (Miss.1987), to determine if the probative value overcame the presumed prejudicial effect to Hall. The trial court found as follows:
The Court would be inclined not to admit this conviction but for the fact the defendant has already testified to it, the fact that he’s got priors. That’s his justification for why he was identified, that he’s got prior convictions. He’s already opened the door to this testimony, and I’m going to allow him to be impeached upon it. I’m going to say that the impeachment — it’s not outweighed by the prejudicial effect of it. Have I gone over — made—I find crucial to this issue the fact that defendant has opened the door.
If he had not opened the door and brought this issue up, I would have been inclined not to have allowed this testimony, but he brought it up. He’s opened the door to it, admitted it. That reduces the prejudicial effect because he’s already brought it up in his own testimony.
¶ 10. As the admission of evidence is within the trial court’s discretion, we find no reversible error in the trial court’s ruling regarding testimony of Hall’s prior convictions.
¶11. THE JUDGMENT OF THE SHARKEY COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SHARKEY COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.