# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00309-COA

FREDRICK SMITH JR. A/K/A FREDERICK J.            APPELLANT
SMITH A/K/A FREDERICK SMITH A/K/A
FREDRICK SMITH A/K/A FREDERICK SMITH JR.

v.

STATE OF MISSISSIPPI                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/17/2015 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | JOHN M. COLETTE SHERWOOD ALEXANDER COLETTE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 01/02/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

GREENLEE, J., FOR THE COURT:

¶1. Frederick Smith appeals his conviction from Hinds County Circuit Court, First Judicial District, of two counts of aggravated assault with a deadly weapon. More specifically, the jury found him guilty of shooting two people. On appeal, his asserted errors are that: (1) the trial court did not allow an alibi witness to testify; (2) the trial court allowed impermissible hearsay testimony in violation of *Crawford v. Washington*;[1] and (3) the

---

[1] *Crawford v. Washington*, 541 U.S. 36 (2004).

evidence was insufficient as to one of the counts. Upon review, we find the circuit court erred by disallowing Smith's alibi witness to testify. We reverse Smith's conviction and remand for a new trial.

## BACKGROUND

¶2. On July 13, 2013, at approximately 1:30 a.m., Jessica Keys and Cameron Conner were both shot at a gas station in Jackson, Mississippi. Keys was riding passenger in a car operated by her coworker when they pulled into the gas station, and parked facing the station, with the gas pump on the driver's side. Conner was inside the station, and when he exited, Keys recognized him. Keys opened her car door and stood up outside the car but from behind the door, calling out to Connor. Connor then came over to Keys, almost reaching her door.

¶3. Earlier, while Keys's vehicle was parked and Conner was inside, a car had pulled in and parked on the opposite side of the same stall, also facing the station. No occupants exited until approximately two minutes later, when Conner reached Keys's door. At that time, three individuals exited the car and opened fire on Keys and Conner. Both Keys and Conner dropped to the ground for cover. Keys attempted to wedge herself under the car, lying along the car's length with her head toward the rear, while Conner used the outside of the still-open car door for protection. One of the three shooters pivoted around the rear of Keys's vehicle, firing his weapon as he moved along the rear-passenger side. Conner crawled from the car door to the front of the vehicle, attempting to seek better cover. As Conner moved, the same shooter continued to fire, pivoting to get a better angle at Conner.

¶4. Keys was shot three times and remained alongside the car until she was transported

2

by ambulance to University of Mississippi Medical Center. Conner left the scene prior to the first responders' arrival, when other individuals helped him inside their vehicle.[2]

¶5.    Keys viewed a photo lineup and identified Fredrick Smith as one of the shooters. Smith was indicted on January 29, 2014, on two counts of aggravated assault with a weapon in violation of Mississippi Code Annotated section 97-3-7(2)(b) (Supp. 2012). On June 10, 2014, the Hinds County District Attorney's Office withdrew because one of Smith's co-indictees was serving as a cooperating witness for the State in another prosecution. On June 23, 2014, the Mississippi Office of the Attorney General was appointed as special prosecutor in Smith's case.

¶6.    During trial, the court granted Smith's motion in limine to exclude third-party identifications tying Smith to the shooting, including any identifications within tips submitted to Crime Stoppers.[3] Detective Rozerrio Camel of the Jackson Police Department, the assigned investigator, testified for the State. Prior to his testimony, the trial judge advised the State to inform Detective Camel he could not mention any information contained within the Crime Stoppers tips, stating "[the nature of the tips] is hearsay." However, during his testimony, Detective Camel stated, "during the course of investigation, I received information and tips—and tips regarding Frederick Smith. Tips was stating that Frederick Smith— [(interrupted by colloquy regarding an objection)] . . . . Tips. I received tips regarding

---

[2] A security camera captured the above incident in its entirety, and the jury viewed the footage during trial.

[3] Crime Stoppers is an organization that solicits tips from the public in effort to gather information concerning crimes.

Frederick Smith and—and the purple automobile that he drives." Following Detective Camel's statement, the trial court issued a cautionary instruction: "Ladies and gentlemen of the jury, I'm instructing you to totally disregard the portion of the testimony of this witness dealing with the identification of any vehicle."

¶7. On the second day of trial, Smith's trial counsel, Darla Palmer, notified the court that there was a witness, Kenzoro Williams, who would state he was with Smith at the time of the shooting. Palmer further stated that, although she had spoken with Smith on numerous occasions about the upcoming trial, Smith's first mention of the potential alibi witness was on the second day of trial. Outside the presence of the jury, the court allowed a proffer of Williams's testimony. In his proffer, Williams stated that on the night of the shooting, he saw Smith at a local club. He further stated that Smith did not leave until he did, at approximately 2 a.m. on Saturday morning. Following Williams's proffer, Smith testified for the limited purpose of explaining the timing of his alibi-witness disclosure. The State objected to Williams's testimony, and the trial court sustained the objection, disallowing Williams from testifying.

¶8. Following trial, the jury found Smith guilty on both counts. Smith was subsequently sentenced on each count to a term of twenty years in the custody of the Mississippi Department of Corrections, with five years suspended and fifteen to serve, followed by five years of probation. The sentences were ordered to run concurrently with one another. Smith appeals.

## DISCUSSION

4

## I.     Denial of Smith's Alibi Witness

¶9.     On appeal, Smith challenges the court's exclusion of his proposed alibi witness. "In reviewing rulings of a trial court regarding matters of evidence, relevancy and discovery violations, the standard of review is abuse of discretion." *Sims v. State*, 928 So. 2d 984, 986 (¶8) (Miss. Ct. App. 2006).

¶10.     Mississippi Uniform Rule of Circuit and County Court Practice 9.05[4] states:

> *Upon the written demand of the prosecuting attorney* stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such other time as the court may direct, upon the prosecuting attorney a written notice of the intention to offer a defense of alibi . . . .

(Emphasis added).

¶11.     "The rule clearly states that the requirement to disclose an alibi witness is triggered by the prosecution." *Hall v. State*, 925 So. 2d 856, 857 (¶4) (Miss. Ct. App. 2005). "Only after the prosecuting attorney makes a written demand is the defendant then required to provide written notice of his intent to offer a defense of alibi." *Id.* (quoting *Ford v. State*, 862 So. 2d 554, 557 (¶11) (Miss. Ct. App. 2003)). Upon thorough review, there is nothing indicating that the prosecution made such a written demand, and we are not inclined to assume one exists. We therefore find that Smith's lack of disclosure was not a failure to abide by Rule 9.05. On two prior occasions, we have reversed and remanded when a defendant's alibi witness was excluded, where the State did not make a written demand under Rule 9.05. *See Hall*, 925 So. 2d at 857 (¶¶3-5); *Ford*, 862 So. 2d at 557 (¶¶10-12). The trial

---

[4] Mississippi Rule of Criminal Procedure 17.4 replaced Rule 9.05 effective July 1, 2017. But because the proceedings in this case predate this change, the former rule applies.

court likewise erred here, in denying Smith the opportunity to present his alibi witness. We reverse and remand for a new trial.

## II. Detective Camel's Testimony

¶12. Smith next argues testimony of Detective Rozerrio Camel was admitted in violation of the Confrontation Clause of the Sixth Amendment. Smith asserts that Detective Camel gave, over a sustained objection, testimonial evidence concerning the tips he received via Crime Stoppers. A criminal defendant's argument is procedurally barred where he fails to make a contemporaneous Sixth Amendment (Confrontation Clause) objection to the admission of testimony and does not raise an objection in his post trial motions. *Ezell v. State*, 132 So. 3d 611, 612 (¶3) (Miss. Ct. App. 2013). A general hearsay objection is insufficient to preserve an alleged Confrontation Clause violation for appellate review. *Briggs v. State*, 16 So. 3d 696, 698-99 (¶11) (Miss. Ct. App. 2008).

¶13. Smith failed to make a Sixth Amendment objection to the admission of Detective Camel's testimony either at trial or in a post trial motion (and instead asserted hearsay objections). Smith's arguments on this issue are therefore procedurally barred. We note that Detective Camel's statement, given over a sustained hearsay objection, was clearly improper. However, we do not find this issue dispositive, and decline to review it for plain error.

## III. Sufficiency of the Evidence

¶14. In his third assignment of error, Smith asserts the State presented insufficient evidence to convict him of aggravated assault, as to the charge concerning Conner. Smith argues that: (1) Connor did not testify; (2) no witnesses testified that Smith shot Conner; and (3) Keys's

testimony was unreliable.

¶15.    In considering whether the evidence is legally sufficient to sustain Smith's conviction, the critical inquiry is whether the evidence shows beyond a reasonable doubt that Smith committed the act charged, and that he did so under such circumstances that every element of the offense existed. *Russell v. State*, 924 So. 2d 604, 608 (¶8) (Miss. Ct. App. 2006). "The key question in this analysis is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quotation marks omitted) (quoting *Bush v. State*, 895 So. 2d 836, 843 (Miss. 2005) (abrogated on other grounds)). If the evidence against Smith is such that "reasonable fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense," we will deem the evidence sufficient. *Id.* We will only reverse the jury's verdict when evidence of one or more of the elements of the charged offense are such that reasonable and fair-minded jurors could only find the accused not guilty. *Wilson v. State*, 936 So. 2d 357, 362 (¶16) (Miss. 2006). In analyzing such a claim of error, we are required to view the evidence in the light most favorable to the State and consistent with the verdict. *Id.* The State receives the benefit of all favorable inferences that may be reasonably drawn from the evidence. *Id.*

¶16.    For the jury to find Smith guilty of aggravated assault, the State was required to prove beyond a reasonable doubt that Smith: (1) attempted to cause or purposely or knowingly (2) caused bodily injury to another (3) with a deadly weapon or other means likely to produce death or serious bodily harm. Miss. Code Ann. § 97-3-7(2) (Supp. 2012).

7

¶17.    Looking to the record, we find the evidence such that a rational trier of fact could have found beyond a reasonable doubt that Smith attempted to cause or purposefully or knowingly caused bodily injury to Conner with a deadly weapon. Keys picked Smith out of a lineup, and identified him as one of the three shooters. She testified that she was able to identify Smith because she recognized his eyes. Keys also identified Smith during trial, and stated that during the shooting, while she was underneath her car, Smith came close to where she was, and shot over the car at Conner. Keys stated that when she was under the car, she was on her stomach, but had her head up, and her eyes open.

¶18.    Smith's assertion that Keys's testimony was unreliable is an attempt to attack her credibility, and we have consistently held that the jury determines a witness's credibility at trial, and the weight and worth of her testimony. *See, e.g., Odom v. Roberts*, 606 So. 2d 114, 118 (Miss. 1992); *Burge v. Spiers*, 856 So. 2d 577, 580 (¶9) (Miss. Ct. App. 2003). Smith's assignment of error regarding the sufficiency of the evidence is without merit.

## CONCLUSION

¶19.    The State did not issue a written demand that Smith disclose his intent to offer an alibi, and therefore, Smith was not required to disclose his intention to call Williams. Thus, the trial court erred when it denied Smith the opportunity to present his alibi witness. Smith's second assignment of error is procedurally barred, and we find that Smith's third assignment concerning the sufficiency of the evidence is without merit.

¶20.    **REVERSED AND REMANDED.**

      **LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, WESTBROOKS AND TINDELL, JJ., CONCUR.  WILSON, J., CONCURS IN RESULT ONLY WITHOUT**

**SEPARATE WRITTEN OPINION. GRIFFIS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**