859 So.2d 1063 (2003)
Mickeal SWINDOLL a/k/a Michael Swindoll, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01897-COA.
Court of Appeals of Mississippi.
November 18, 2003.
*1064 Mickeal Swindoll, appellant, pro se.
Office of the Attorney General by Scott Stuart, attorneys for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
MYERS, J., for the Court.
¶ 1. Mickeal Swindoll pled guilty to the charges of sale, transfer, distribution or delivery of methamphetamine and commercial burglary in the Circuit Court of Webster County, Mississippi. His subsequent petition for post-conviction relief was denied. Aggrieved by that result, Swindoll filed this timely pro se appeal raising the following issues:
I. WHETHER HIS CONFESSION WAS VOLUNTARY.
II. WHETHER HIS GUILTY PLEA WAS MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.
III. WHETHER HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

STATEMENT OF FACTS
¶ 2. On January 16, 2001, Mickeal Swindoll pled guilty to the sale, transfer, distribution or delivery of methamphetamine and to commercial burglary. On the first offense, Swindoll was sentenced to a term of eighteen years with nine of those being suspended. He was also required to pay $5,000 in court costs. The payment of those costs were suspended for five years. On the second offense, Swindoll was sentenced to a term of seven years and ordered to pay $802.66 in restitution.
¶ 3. On November 4, 2002, Swindoll filed a motion to vacate and set aside his conviction and sentence along with a writ of error coram nobis in the Circuit Court of Webster County pursuant to the Mississippi Uniform Post-Conviction Relief Act. Miss.Code Ann. § 99-39-1 (Rev.2000). On October 15, 2002, the lower court entered an order denying Swindoll's request for post-conviction relief holding the motion to be without merit. Finding no error, we affirm.

LEGAL ANALYSIS
I. WHETHER HIS CONFESSION WAS VOLUNTARY.
¶ 4. Swindoll argues that his confession was coerced. In support of this argument, Swindoll claims that he was not advised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In addition, he claims that the police acted illegally in obtaining his statements by using psychological plays, threats, promises and physical violence. More specifically, Swindoll claims that the police told him "that if he didn't write a statement at that moment they would make sure he got thirty years for the [m]ethamphetamine charge." Swindoll claims that these tactics, combined with many hours of questioning, enabled the *1065 police to overcome his will rendering any admissions he made involuntary. Therefore, Swindoll argues that his confession should be inadmissible.
¶ 5. The State argues that Swindoll's plea of guilty waived any trial rights, such as the right to exclude a coerced confession. Furthermore, the State argues that the appropriate remedy for a coerced confession is its exclusion from the evidence. Since the admission was never admitted into evidence, the State argues that no error has been committed.
¶ 6. In Mississippi, we have consistently "recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Anderson v. State, 577 So.2d 390, 391 (Miss.1991). Included in these rights are "those secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890." Sanders v. State, 440 So.2d 278, 283 (Miss.1983).
¶ 7. If Swindoll entered a valid guilty plea, then he explicitly waived any right to suppress the alleged coerced confession. Since Swindoll has also raised the issue as to whether his guilty plea was indeed valid, we find that any ruling as to the voluntariness of Swindoll's confession, or the waiver thereof, necessarily depends on our holding as to the validity of the guilty plea. Therefore, we now turn our attention to a discussion of Swindoll's guilty plea.
II. WHETHER HIS GUILTY PLEA WAS MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY.
¶ 8. Swindoll argues that his plea was not entered knowingly, intelligently and voluntarily. He claims that his attorney misled him as to his sentence and as to any possible defenses. Swindoll claims that he pled guilty under the mistaken belief that he could be subject to a sentence of thirty years. Swindoll further argues that he did not understand the law at that time and had no knowledge whatsoever that the action of the police could have changed the proceedings in the case. In other words, Swindoll argues that he would have not pled guilty if Ball would have advised him that his confession would be inadmissible against him if, in fact, it was coerced.
¶ 9. Our standard of review for reviewing the voluntariness of a guilty plea is well settled. "This [c]ourt will not set aside findings of a trial court unless such findings are clearly erroneous." Weatherspoon v. State, 736 So.2d 419, 421(¶ 2) (Miss.Ct.App.1999) (quoting Schmitt v. State, 560 So.2d 148, 151 (Miss.1990)).
¶ 10. A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss. 1991). A plea is deemed "voluntary and intelligent" only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea. Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). In addition, the court must examine the entire record in determining whether the plea is made knowingly, intelligently and voluntarily. Weatherspoon, 736 So.2d at 421(¶ 5). However, the burden of establishing a claim for an involuntary guilty plea is on the inmate. Green v. State, 802 So.2d 181, 184 (¶ 19) (Miss.Ct.App.2001).
¶ 11. The record does not support Swindoll's claim that his guilty plea was involuntary. As noted above, Swindoll argues that his attorney misadvised him by stating that he could receive a maximum of thirty years on the methamphetamine charge. In the seventh paragraph of Swindoll's petition to enter a guilty plea, *1066 Swindoll confirms that the maximum sentence for the methamphetamine charge is thirty years. Swindoll's attorney did not misadvise him. That is the maximum sentence for the charge. In fact, Swindoll's attorney was obligated to disclose the maximum sentence to him.
¶ 12. Swindoll also alleges that his attorney failed to notify him of all possible defenses. Namely, the right to have an involuntary confession suppressed. In the fourth paragraph of his petition to enter a guilty plea, Swindoll concedes that his attorney "has counseled and advised [him] on the nature of each charge, on any and all lesser-included charges, and on all possible defenses that [he] might have in the case."
¶ 13. Moreover, at the guilty plea hearing, the trial judge completed a very detailed inquiry as to the voluntariness of Swindoll's plea by asking Swindoll personally whether he understood that certain rights under the constitution would be waived by entering a plea of guilty. Swindoll then verbally answered in the affirmative. Swindoll points to a portion of the hearing in his brief arguing that he did not agree with everything the trial judge asked him. The relevant portions are as follows:
By the Court: Are the things contained in the petition true?
By Mr. Swindoll: Well, actually no, sir. But I can't beat it. They have evidence against me so.
¶ 14. Swindoll fails to mention, however, that the trial court immediately went on to state, "Okay. Have a seat over there Mr. Swindoll. The [c]ourt refuses to take his plea." Thereafter, Swindoll and his attorney left the courtroom, but upon there return, proceedings continued as follows:
By Mr. Ball: Your Honor, I think there may have been some confusion. Mr. Swindoll had indicated to me at one point that as far as the definition of sale, he had some dispute about whether he could actually, whether he actually sold the crystal methamphetamine. He does, however, admit that he distributed it. He said when you were first reading the charge, you had indicated that it was the sale of methamphetamine. He admits that he was involved in the transfer or the distribution of the crystal methamphetamine. And based on the fact that the court had just said sale, he indicated that no, he did not think he was guilty of that.
By the Court: Is that correct, Mr. Swindoll?
By Mr. Swindoll: Yes, sir.
By the Court: Okay. And the charge is sale, transfer, distribution or delivery of methamphetamine, not just the sale.
By Mr. Ball: Correct. Yes, sir. So we would
By the Court: I inadvertently shortened it. Okay, based on that statement then, are the statements in your petition to enter a plea of guilty true?
By Mr. Swindoll: Yes, sir.
By the Court: Did you sign the petition?
By Mr. Swindoll: Yes, sir.
¶ 15. The trial judge took every precaution in assuring that Swindoll's plea was indeed voluntarily. There is ample support in the petition and in the hearing transcript. It can hardly be said that the trial judge's entry of Swindoll's guilty plea was clearly erroneous. Therefore, we hold that Swindoll's guilty plea was made knowingly, intelligently and voluntarily. As a result, Swindoll waived any rights regarding the alleged coerced confession.

*1067 III. WHETHER HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 16. Swindoll finally argues that he was denied effective assistance of counsel. Specifically, Swindoll alleges that his attorney failed to investigate his claims of police misconduct. Swindoll argues that his attorney refused to file a motion to suppress his confession. In addition, Swindoll argues that his attorney told him not to mention anything about the alleged police misconduct at the guilty plea hearing.
¶ 17. The standard in determining ineffective counsel is well settled law. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gilliard v. State, 462 So.2d 710, 714 (Miss.1985) (quoting Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Furthermore, trial counsel is presumed to be competent. Brooks v. State, 573 So.2d 1350, 1353 (Miss.1990).
¶ 18. In paragraph twelve of the petition to enter a plea of guilty, Swindoll confirmed "that [his] lawyer has done all that anyone could do to counsel and assist [him]." In that same paragraph, Swindoll also confirmed that he was "satisfied with the advice and help he has given me." Swindoll's attorney also signed an affidavit stating that Swindoll knew the legal consequences of his plea and that Swindoll agreed that the plea was his best course of action. Moreover, at the plea hearing, the following dialogue took place between Swindoll and the trial court.
By the Court: Have you discussed both of the charges with Mr. Ball?
By Mr. Swindoll: Yes, sir.
By the Court: Did he tell you what the State would have to prove in order to convict you of either charge?
By Mr. Swindoll: Yes, sir.
By the Court: Did he discuss with you possible defenses you might have?
By Mr. Swindoll: Yes, sir.
By the Court: Are you satisfied with his representation of you?
By Mr. Swindoll: Yes, sir.
By the Court: After your discussions with him, is it your own decision to enter pleas of guilty to each charge?
By Mr. Swindoll: Yes, sir.
By the Court: Has anybody threatened you, coerced you or used any physical violence against you to get you to enter a plea of guilty to either charge?
By Mr. Swindoll: No, sir.
¶ 19. The petition and the hearing transcript are abundantly clear. The trial judge asked Swindoll very particular questions regarding Ball's representation. Swindoll presented no testimony that Ball had misadvised him as to the maximum sentence on the methamphetamine charge or as to the possibility that the confession was coerced. The trial court judge specifically asked Swindoll if he was satisfied with Ball's representation and Swindoll answered his question in the affirmative. He mentioned nothing about Ball's alleged failure to investigate the validity of his confession. In addition, he mentioned nothing about his claim that Ball had asked him to not mention the alleged police misconduct during the plea hearing. Therefore, in light of the facts and record of this case, we hold that Swindoll did not receive ineffective assistance of counsel.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF WEBSTER COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS *1068 OF THIS APPEAL ARE ASSESSED TO WEBSTER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.