906 So.2d 34 (2004)
Eddie HALL a/k/a Eddie Terrell Hall, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02037-COA.
Court of Appeals of Mississippi.
November 30, 2004.
*35 Eddie Hall (Pro Se), attorney for appellant.
Office of the Attorney General by: Jean Smith Vaughan, attorney for appellee.
Before BRIDGES, P.J., MYERS and BARNES, JJ.
MYERS, J., for the Court.
¶ 1. On March 7, 2002, Eddie Hall withdrew his former plea of not guilty and pled guilty to aggravated assault. A sentencing order was signed on March 7, 2002, and filed on March 12, 2002, in which Hall was sentenced to serve twelve years in the custody of the Mississippi Department of Corrections with four years suspended. On May 21, 2003, Hall filed his motion for post-conviction relief to vacate and set aside conviction and sentence, and on August 22, 2003, the circuit court denied this motion. Aggrieved by the denial of his motion for post-conviction relief, Hall filed this appeal, raising the following issues:
I. DID THE TRIAL COURT ERR IN FINDING THAT HALL'S GUILTY PLEA WAS VOLUNTARILY AND KNOWINGLY MADE?
II. DID THE TRIAL COURT ERR IN FAILING TO FIND INEFFECTIVE ASSISTANCE OF COUNSEL?
III. DID THE TRIAL COURT ERR IN FINDING THAT THE INDICTMENT WAS NOT ILLEGAL?
IV. DID THE TRIAL COURT COMMIT CUMULATIVE ERRORS SUFFICIENT TO JUSTIFY REVERSAL OF ITS RULING?
¶ 2. Finding no error, we affirm the denial of Hall's motion for post-conviction relief.

FACTS
¶ 3. Terrence Phillips was shot in the buttocks with a .380 caliber bullet. The record suggests that present at the time of the shooting were Eddie Hall, Desmond Newell, Phillip Clayton, and Brook Hall. The incident apparently involved a drug deal of some kind, although the exact circumstances surrounding the shooting were not fully developed. Somehow, the deal went sour, and Phillips was shot. The evidence *36 pointed to Eddie Hall, the appellant, as the shooter, and he eventually pled guilty to the shooting.

LEGAL ANALYSIS

I. DID THE TRIAL COURT ERR IN FINDING THAT HALL'S GUILTY PLEA WAS VOLUNTARILY AND KNOWINGLY MADE?
¶ 4. Hall argues that his guilty plea was not voluntarily and knowingly made. In support of this, Hall asserts (1) that the trial court failed to find that there was a factual basis for his guilty plea, and (2) that his plea was coerced by the intentional withholding of crucial information. The State argues that Hall's testimony at the plea hearing establishes the free, knowing, and voluntary nature of his guilty plea.

STANDARD OF REVIEW
¶ 5. In reviewing a defendant's claim that his guilty plea was not entered knowingly and voluntarily, we must determine if the trial court's finding was clearly erroneous. Swindoll v. State, 859 So.2d 1063, 1065(¶ 9) (Miss.Ct.App.2003) (citations omitted). In making this determination, we must ascertain whether the defendant was advised of the nature of the charge against him and the consequences of pleading guilty. Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). In addition, as we conduct our review pursuant to this standard, we must be mindful of the fact that the burden of establishing a claim for an involuntary guilty plea is on the inmate. Swindoll, 859 So.2d at 1065(¶ 10).

DISCUSSION
¶ 6. Our review of the record indicates that the trial court's finding was not clearly erroneous. Hall's contention that the trial court failed to find a factual basis for his guilty plea is flatly contradicted by the record. After hearing from counsel for both sides at the plea hearing, the judge found the following: "The court finds that there has been a crime committed. And that based on what the court has in the record at this time, that the defendant has been implicated in the commission this crime, and by his own admission, he wishes to plead guilty." Thus, before accepting Hall's guilty plea, the trial court received the un-controverted facts from both parties' counsel and made a specific finding based upon those facts. Because of this, we find no merit in Hall's assertion that the trial court failed to find a factual basis for the guilty plea.
¶ 7. Moreover, the trial court very thoroughly examined Hall regarding his knowledge and understanding of the nature of the charge against him and the consequences of his pleading guilty. In response to the trial judge's detailed questions, Hall repeatedly answered that he was giving his plea freely, knowingly, and voluntarily and that he understood all of the rights he was waiving by the guilty plea. Nothing in the record suggests that Hall's guilty plea was involuntarily or unknowingly entered.
¶ 8. In sum, Hall has not met the burden he bears to demonstrate that his plea was not knowing and voluntary. Hall has offered nothing in support of this issue other than bare assertions that flatly contradict his previous statements in the record. We can find no clear error in the trial court's finding that Hall's guilty plea was knowingly and voluntarily entered; therefore, we affirm the judgment of the trial court on this issue.

II. DID THE TRIAL COURT ERR IN FAILING TO FIND INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 9. Hall argues that his constitutional rights were violated due to ineffective assistance of counsel. The State argues *37 that neither of the prongs of the Strickland test were met in this case.

STANDARD OF REVIEW
¶ 10. We evaluate claims of ineffective assistance of counsel using the two-part test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has previously held that the two prongs of the Strickland test, both of which must be shown in order to prevail on a claim of ineffective assistance of counsel, are: (1) counsel's performance must have been deficient, and (2) that deficiency must prejudice the defense's case. Hall v. State, 735 So.2d 1124, 1127(¶ 6) (Miss.Ct.App.1999).
¶ 11. Notably, we have previously declared with respect to the first prong of the test, "The Constitution does not guarantee a right to errorless counsel." Id. In this regard, the Strickland decision declares, "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . . There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." Strickland, 466 U.S. at 689-690, 104 S.Ct. 2052.

DISCUSSION
¶ 12. We find that the first prong of the Strickland test was not met in this case. We do not find anything in the record to indicate that the performance of Hall's counsel was not "within the wide range of reasonable professional assistance." Id. Yet, having made this determination, we note that one particular claim that Hall raises, namely that his counsel failed to conduct adequate investigation before making his plea recommendation, warrants brief mention, given our recent decision in the case of Ransom v. State, ___ So.2d ___, 2002-KA-00267-COA (Miss.Ct.App. Oct. 12, 2004). Even though Hall could not have cited to such a recent decision, we feel compelled to comment briefly on the differences between this case and Ransom.
¶ 13. Among the various distinguishing factors between this case and Ransom, perhaps the most significant distinguishing factor is that the Ransom case was tried to a jury verdict, while the case sub judice never proceeded to trial. Id. at (¶ 2). In the case sub judice, Hall pled guilty, and on the record Hall specifically stated that he did not take issue with the prosecutor's declaration of what the State would be able to prove. Moreover, unlike in Ransom, where counsel failed to properly investigate certain facts and certain testimony that would have been offered by witnesses, in the case sub judice the record reflects that Hall's counsel did conduct an investigation of matters relevant to the case. Id. at (¶¶ 20-27).
¶ 14. Specifically, Hall's counsel was able to comment at the plea hearing upon the following: forensic reports regarding a match between the bullet removed from the victim's buttocks and bullets found in Hall's vehicle; the substance of the testimony that would be offered by the victim; and the fact that Desmond Newell, Hall's key witness, would not be willing to testify in support of Hall's theory of the case. In addition, unlike in Ransom, Hall's counsel did not proceed upon any incorrect factual assumptions. Id. at (¶ 22). Hall's counsel was aware of the fact that others, including Desmond Newell, were present at the scene and that others might possibly have discharged a firearm at the scene. Yet, notwithstanding this possibility, Hall's counsel made a strategic decision that these facts would not persuade the jury to acquit Hall and that the State's offer of a suspended sentence was generous and should have been accepted. Very significantly, *38 Hall accepted this strategic decision and pled guilty in order to receive the suspended sentence offered by the State, rather than face a trial and the possibility of a greater sentence.
¶ 15. We have long held that such strategic decisions do not in themselves give rise to a claim of ineffective assistance. Woods v. State, 806 So.2d 1165, 1169 (¶ 13) (Miss.Ct.App.2002); Scott v. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App.1999). Specifically we have held, "this Court does not second guess an attorney on matters of strategy." Id. Thus, we find that Hall has not shown that his counsel's performance was deficient. Yet, even were we to find that Hall's counsel was deficient, given the representations of counsel at the plea hearing, we cannot find that Hall was prejudiced by any such deficiency. This brings us to the second prong of the test.
¶ 16. In the second prong of the Strickland test "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. At the plea hearing, Hall's counsel agreed with the State's version of the facts. The State declared, among other things, that "Eddie Hall, on or about the 29th day of September 2000, shot Terrence Phillips with a .380 caliber bullet." Hall's counsel responded to this by saying, "[T]he jury could probably find [Hall] guilty this morning, your Honor. We don't take any issue with what the prosecutor has said." As noted above, Hall himself also verbally agreed with the State's version of the facts and specifically refused to take issue with the State's declaration of what it would be able to prove. Given these factual representations and concessions at the plea hearing, we find that even if counsel's performance had been deficient, there is no reasonable probability that the result would have been different. Therefore, we find that the trial court did not err in failing to find ineffective assistance of counsel.

III. DID THE TRIAL COURT ERR IN FINDING THAT THE INDICTMENT WAS NOT ILLEGAL?
¶ 17. Hall argues that the indictment was illegal because it contained multiple counts against multiple defendants, in violation of § 99-7-2 of the Mississippi Code Annotated (Rev.2000). The State argues that this issue was waived by Hall's guilty plea or, in the alternative, that the indictment conformed to Rule 7.07 of the Uniform Rules of Circuit and County Court Practice.

STANDARD OF REVIEW
"[T]his Court conducts de novo review on questions of law. The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this court." Simmons v. State, 784 So.2d 985, 987(¶ 7) (Miss.Ct.App.2001) (citation omitted).

DISCUSSION
¶ 18. While our standard of review of challenges to an indictment would normally allow us to conduct a thorough review, the issue here, as raised by Hall, warrants little discussion. Our law is well settled that, with two exceptions, neither of which apply here, a valid guilty plea waives any objections a defendant may have regarding defects in the proceedings. Banana v. State, 635 So.2d 851, 853 (Miss. 1994). More specifically, we have held that a valid guilty plea waives any issues regarding formal defects in an indictment. Jones v. State, 770 So.2d 578, 580(¶ 5) (Miss.Ct.App.2000). The issue, as framed *39 by Hall, challenges a formal aspect of the indictment. Thus, based upon the authorities cited above, we find that any complaints Hall may have had about the form of the indictment were waived when he pled guilty, and we need not consider the particular arguments concerning § 99-7-2 and URCCCP 7.07. The trial court's decision on this issue, therefore, is affirmed.

IV. DID THE TRIAL COURT COMMIT CUMULATIVE ERRORS SUFFICIENT TO JUSTIFY REVERSAL OF ITS RULING?
¶ 19. This issue also warrants little discussion. Our courts have consistently recognized that multiple, individual errors, not reversible in themselves, may have the cumulative effect of denying the defendant a fair and impartial trial, thus warranting a reversal. Scott v. State, 878 So.2d 933, 997 (¶ 194) (Miss.2004). An obvious, logical corollary of this concept, however, is that if we have found no merit to the appellant's individual assignments of error, then there are no errors to cumulate. Id. (citing McFee v. State, 511 So.2d 130, 136 (Miss.1987)). Having found no error in any of the other issues Hall has raised on appeal, we find that there was no cumulative error, and we affirm the judgment of the circuit court.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY FIRST JUDICIAL DISTRICT DISMISSING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.