924 So.2d 604 (2006)
Robert Earl RUSSELL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01604-COA.
Court of Appeals of Mississippi.
March 14, 2006.
*606 Leslie D. Roussell, Laurel, attorney for appellant.
Office of the Attorney General by John R. Henry, Jackson, attorney for appellee.
Before MYERS, P.J., BARNES and ISHEE, JJ.
BARNES, J., for the Court:
¶ 1. Robert Earl Russell was tried and convicted in the Circuit Court of Wayne County for aggravated assault. From his conviction, Russell timely appealed to this Court. Finding no error below, we affirm Russell's conviction.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. In the early evening hours of October 23, 2002, Robert Earl Russell (Russell) became heavily intoxicated and struck his thirteen-year-old nephew, Renard Russell (Renard), in the head with a fireplace poker. Although Renard was not seriously injured in the attack, the resulting wound required twelve stitches. Russell was charged with aggravated assault pursuant to section 97-3-7 of the Mississippi Code, and was subsequently convicted by a jury in the Circuit Court of Wayne County. Russell was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections, with seven years suspended, five years of post-release supervision, and a fine of $5,000. Russell filed a motion for judgment notwithstanding the verdict (JNOV), or in the alternative, a new trial, which was denied by the circuit court. Aggrieved, Russell asserts the following issues on appeal: (1) that his indictment was defective in that it was insufficient to charge him with the crime of aggravated assault, as opposed to simple assault; (2) that the verdict was against the sufficiency and the overwhelming weight of the evidence; and (3) that the cumulative effect of the errors below entitles him to a new trial.

*607 ISSUES AND ANALYSIS

I. WHETHER RUSSELL'S INDICTMENT WAS DEFECTIVE.
¶ 3. "The issue of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this Court." Jenkins v. State, 913 So.2d 1044, 1047 (¶ 7) (Miss.Ct. App.2005) (citing Nguyen v. State, 761 So.2d 873, 874 (¶ 3) (Miss.2000)). As the issue involves a question of law, this Court applies a de novo standard of review. Id.
¶ 4. The indictment against Russell read, in pertinent part:
Robert Earl Russell ... did recklessly, knowingly or purposely, cause bodily injury to another, BERNARD [sic] RUSSELL, with a deadly weapon, an iron pipe, by striking him with the pipe, and, if not this greater crime, then the lesser crime of Simple Assault.
¶ 5. Section 97-3-7(2) of the Mississippi Code (Supp.2002) sets forth the elements of aggravated assault. It reads, in pertinent part:
A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm....
¶ 6. Russell claims that the indictment against him was defective because it did not charge that he intended to cause Renard serious bodily injury. Russell argues that, because of this omission, the indictment charged him with misdemeanor simple assault under section 97-3-7(1)(a) of the Mississippi Code (Supp.2002), which states that a person is guilty of simple assault if he "attempts to cause or purposely, knowingly or recklessly causes bodily injury to another ...." (emphasis added). Russell claims that "[t]hroughout Mississippi's case history the difference between simple assault and aggravated assault was always the intent to murder and/or the intent to cause serious bodily harm as opposed to the mere intent to cause bodily harm." In support of this argument, Russell contrasts the elements of simple assault with the elements of aggravated assault as defined in section 97-3-7(2)(a), which states that a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life ...." (emphasis added). However, in making this argument, Russell conveniently ignores section 97-3-7(2)(b), which defines another type of aggravated assault as "attempt[ing] to cause or purposely or knowingly caus[ing] bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm" (emphasis added). It is clear from the plain language of section 97-3-7(2)(b) that a defendant can be found guilty of aggravated assault if, with the aid of a deadly weapon, he attempts to cause or purposely or knowingly causes any degree of "bodily injury." Further, the Mississippi Supreme Court has held that when a defendant is charged under section 97-3-7(2)(b), it is not necessary for the State to prove that the victim suffered "serious" bodily injury. See Jackson v. State, 594 So.2d 20, 24 (Miss.1992); Jenkins, 913 So.2d at 1048-49 (¶¶ 12-13). Accordingly, an indictment charging aggravated assault pursuant to section 97-3-7(2)(b) must only allege that the defendant purposefully or knowingly caused or attempted to cause bodily injury to another with a deadly weapon. Jenkins, *608 913 So.2d at 1049 (¶ 13). The indictment in the present case sets forth each of these elements and is therefore sufficient.
¶ 7. In the alternative, Russell claims that his indictment was defective because it included the word "recklessly" but not the words "under circumstances manifesting extreme indifference to the value of human life," which would be required in an indictment charging him with aggravated assault pursuant to section 97-3-7(2)(a). Russell argues that the absence of this key language renders the indictment ineffective to charge him with aggravated assault, and instead charges him with simple assault.[1] We do not agree. It is clear from the language in the indictment that Russell was charged with aggravated assault with the use of a deadly weapon, and not simple assault or aggravated assault without the use of a deadly weapon. The indictment clearly set out the essential elements of the crime of aggravated assault as defined in section 97-7-3(2)(b), as it specifically alleged that Russell purposely or knowingly caused bodily injury to Renard via the use of a deadly weapon; moreover, the indictment specifically referred to simple assault as a "lesser crime." It is clear from the language of the indictment that Russell was charged with aggravated assault as defined in section 97-7-3(2)(b), regardless of the careless inclusion of the word "recklessly." Russell's claim of error is without merit.

II. WHETHER THE VERDICT WAS AGAINST THE SUFFICIENCY AND THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 8. In considering whether the evidence is legally sufficient to sustain a conviction in the face of a motion for JNOV, "the critical inquiry is whether the evidence shows `beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed.'" Id. at 843-44 (¶ 16) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). The key question in this analysis is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. If the evidence against the defendant is such that "reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense," we will deem the evidence sufficient. Id. When reviewing the denial of a motion for new trial based on an objection to the weight of the evidence, however, this Court will only reverse a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). In analyzing such a claim of error, we are required to view the evidence in the light most favorable to the verdict, and we will grant a new trial "only in exceptional cases in which the evidence preponderates heavily against the verdict." Id.
¶ 9. Russell asserts that the evidence against him was insufficient to sustain a conviction for aggravated assault; however, his argument stems from a basic misunderstanding of the elements of the crime. Russell argues that the evidence was insufficient to prove an essential element of the crime, namely, that he intended to cause serious bodily injury to Renard. As stated supra, intent to cause serious bodily injury is not an element of the crime of aggravated assault under section 97-3-7(2)(b). In order to meet its burden of proof, the State must prove *609 beyond a reasonable doubt that the defendant purposefully or knowingly caused or attempted to cause "bodily injury" to another with a deadly weapon. See Jenkins, 913 So.2d at 1049 (¶ 13). There simply is no requirement that the State prove intent to cause serious bodily injury when the defendant is charged pursuant to section 97-3-7(2)(b). Looking to the record, the State put forth evidence such that a rational trier of fact could have found beyond a reasonable doubt that Russell purposefully or knowingly caused bodily injury to Renard with a deadly weapon. This issue is without merit.
¶ 10. As to Russell's claim that his conviction was against the overwhelming weight of the evidence, this issue is also without merit. Testimony from Renard as well as Russell's mother, Lucille Russell, established that Russell committed the crime in question. Furthermore, Officer Tim Hollinghead of the Wayne County Sheriff's Department testified that Russell admitted committing the crime. This case is clearly not one in which the evidence preponderates heavily against the verdict; thus, we are not at liberty to reverse.

III. WHETHER THE CUMULATIVE EFFECT OF THE ALLEGED ERRORS DENIED RUSSELL A FAIR TRIAL.
¶ 11. This Court may reverse a conviction and sentence based upon the cumulative effect of errors that independently would not require reversal. Dunigan v. State, 915 So.2d 1063, 1072 (¶ 41) (Miss.Ct.App.2005) (citing Genry v. State, 735 So.2d 186, 201(¶ 73) (Miss.1999)). However, where there is no reversible error in part, there is no reversible error to the whole. Id. As we find no error below, there can be no cumulative error. This issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SEVEN YEARS SUSPENDED, FIVE YEARS OF POST-RELEASE SUPERVISION AND FINE OF $5,000, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.
NOTES
[1] As stated supra, simple assault under section 97-3-7(1)(a) is defined as attempting to cause or purposely, knowingly or recklessly causing bodily injury to another.