995 So.2d 822 (2008)
Jeffery Earl JONES a/k/a Jeffery Jones a/k/a Jeff Jones, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01880-COA.
Court of Appeals of Mississippi.
July 1, 2008.
Rehearing Denied December 9, 2008.
*823 Jeffery Earl Jones, (Pro Se), attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before MYERS, P.J., CHANDLER and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. The Circuit Court of Hinds County dismissed Jeffery Earl Jones's motion for post-conviction relief as successive-writ-barred. Jones appeals the dismissal, citing numerous errors for our review. Finding no error in the decision of the circuit court, we affirm the dismissal.

FACTS
¶ 2. On September 26, 2001, Jones entered guilty pleas to five charges under the Controlled Substances Act. Jones was sentenced to five separate terms of imprisonment, to be served consecutively, for a total of eighteen years, with five years of post-release supervision. On August 19, 2004, Jones filed his first motion for post-conviction relief; however, the circuit court denied relief on that motion. Jones filed the instant motion for post-conviction relief on March 13, 2006, arguing that his sentences were ambiguous and perhaps illegal. The circuit court found the petition frivolous, ordered a deduction of accrued time earned, and dismissed this motion for post-conviction relief as a successive writ.

DISCUSSION
¶ 3. The relevant code section on successive attempts to obtain post-conviction relief reads in part: "The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article." Miss.Code Ann. § 99-39-27(9) (Rev.2007). Excepted from the successive-writ bar are certain enumerated exceptions, such as an application filed regarding insanity prior to the execution of a sentence of death, intervening cases of either the United States Supreme Court or the Mississippi Supreme Court that would have actually adversely affected the outcome of conviction or sentence, or newly discovered evidence which was not reasonably discoverable at the time of trial. See id. However, Jones cites none of these aforementioned exceptions as applicable to the case at hand. We do not find that any exceptions apply to Jones's claim; thus, his second motion is procedurally barred as an impermissible successive attempt to obtain post-conviction relief pursuant to *824 Mississippi Code Annotated section 99-39-27(9).
¶ 4. We also note that Jones's motion, in addition to being procedurally barred under section 99-39-27(9), is time-barred as it was not filed within the three-year time limit. This three-year time limit appears in Mississippi Code Annotated section 99-39-5(2) (Rev.2007), which reads in relevant part: "[a] motion for relief under this article shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction." Jones's guilty plea was entered on September 26, 2001, and his second motion for post-conviction relief was filed more than three years later on March 13, 2006. Thus, Jones's third motion is also time-barred, unless it fits within some enumerated statutory exception as mentioned above. Again, Jones does not assert that an enumerated exception applies, and we find no relevant, applicable exception evident in the record.
¶ 5. Jones's motion is procedurally barred as an impermissible second attempt to obtain post-conviction relief, as it does not fall within any of the enumerated statutory exceptions. Furthermore, Jones's motion is time-barred because it was filed beyond the statutory three-year time limit. We will not overturn a denial of a motion for post-conviction relief without a showing that an exception to the successive-writ bar exists. Johnson v. State, 962 So.2d 87, 89(¶ 12) (Miss.Ct.App.2007). Accordingly, we affirm the circuit court's dismissal of Jones's motion for post-conviction relief.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF WITH PREJUDICE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.