986 So.2d 1087 (2008)
Walter Eddie McCOMB a/k/a Johnny, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01376-COA.
Court of Appeals of Mississippi.
July 22, 2008.
*1088 Walter Eddie McComb, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., CHANDLER and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. Walter Eddie McComb pleaded guilty to Count I, felony domestic violenceaggravated assault and Count II, aggravated assault by use of a deadly weapon. McComb was sentenced as a habitual offender and was thus sentenced pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007) to serve fifteen years on Count I and fifteen years on Count II, with the sentence in each count to run concurrent to one another for a total of fifteen years, to be served day for day. McComb now seeks post-conviction relief, raising the following assignments of error: (1) whether he received ineffective assistance of counsel, (2) whether the indictment was defective, and (3) whether the circuit court erred in finding that his guilty plea was voluntary.

FACTS AND PROCEDURAL HISTORY
¶ 2. McComb was indicted and subsequently pleaded guilty to both Count I, felony domestic violenceaggravated assault, and Count II, aggravated assault by use of a deadly weapon. McComb was sentenced on each count to serve fifteen years, day for day, as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81. The sentence in Count I was ordered to run concurrently with the sentence in Count II. McComb later sought to have his guilty plea vacated, but the circuit court denied McComb's post-conviction motion, finding it was without merit. It is from this judgment that McComb now appeals.

STANDARD OF REVIEW
¶ 3. "A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous; however, questions of law are reviewed de novo." Caston v. State, 949 So.2d 852, 854(¶ 4) (Miss.Ct.App. 2007) (citing Buck v. State, 838 So.2d 256, 258(¶ 6) (Miss.2003)).

DISCUSSION

I. WHETHER MCCOMB RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 4. "Claims of ineffective assistance of counsel are reviewed by using the *1089 two-pronged test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." Moreno v. State, 967 So.2d 701, 703(¶ 4) (Miss.Ct.App.2007). To demonstrate a valid claim for ineffective assistance of counsel, the proponent of the motion for post-conviction relief must "show by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) that the deficiency did, in fact, prejudice the defendant." Id. (citing Strickland, 466 U.S. at 687, 104 S.Ct. 2052). In determining whether trial counsel's performance was deficient, this Court shall "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Id. (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052). In addition, it must be shown that "there was a reasonable probability, that but for counsel's errors, the trial court's result would have been different." Id. (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052).
¶ 5. McComb argues that he received ineffective assistance of counsel. McComb argues that his attorney should have presented a theory of self-defense in response to the charges against him. McComb argues that his attorney could have shown that he had no intent to harm anyone and that the firing of the gun was done only in self-defense. McComb also argues that his counsel should have objected to the defective indictment. McComb contends that he received ineffective assistance of counsel in light of counsel's advice to plead guilty to avoid trial and a significantly longer sentence.
¶ 6. The State argues that McComb's attorney did not err by failing to object to the indictment because it was not defective. The State also argues that McComb's guilty plea waived any defenses he might have had to the charge and also waived his right to a trial. The State also contends that the advice given to McComb by his counsel was sound. The State further argues that McComb's claims are manifestly without merit. The State concludes that McComb has shown no actual prejudice, and his trial counsel's performance was not deficient.
¶ 7. In order for McComb to prevail, he must show that "(1) [his] counsel's performance was deficient, and (2) that the deficiency did, in fact, prejudice [his defense]." Moreno, 967 So.2d at 703(¶ 4) (citing Strickland, 466 U.S. at 687, 104 S.Ct. 2052). From this Court's review of the record, McComb has failed to demonstrate that his trial counsel's performance was deficient, and therefore, he has not shown any actual prejudice to his defense as a result of any deficiency. McComb chose to plead guilty to the charge on advice from counsel that he faced a much longer sentence if he were to proceed to trial and was found guilty. This assignment of error is without merit.

II. WHETHER THE INDICTMENT WAS DEFECTIVE.
¶ 8. To determine whether an indictment is sufficient on post-conviction review, "the indictment [must] include the seven enumerated items of Rule 7.06 and provide the defendant with actual notice of the crime charged...." Caston, 949 So.2d at 856(¶ 9). Uniform Rule of Circuit and County Court 7.06 provides:
The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following:

*1090 1. The name of the accused;
2. The date on which the indictment was filed in court;
3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
4. The county and judicial district in which the indictment is brought;
5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
6. The signature of the foreman of the grand jury issuing it; and
7. The words "against the peace and dignity of the state."
¶ 9. The indictment McComb finds errors with on appeal reads as follows:
The State of Mississippi, Circuit Court March Term, A.D., 2003
First Judicial District, Harrison County No. B2401-2003-478
Count I
The Grand Jurors of the State of Mississippi, taken from the body of the good and lawful citizens of the First Judicial District of Harrison County, duly elected, empaneled, sworn and charged to inquire in and for the said State, County, and District, at the Term of Court aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present that Walter Eddie McComb in the First Judicial District of Harrison County, Mississippi, on or about March 2, 2003, did unlawfully, feloniously, purposely or knowingly cause bodily injury with a deadly weapon, to-wit: a handgun to Debra Joanne McComb, who was at the said time: a current spouse of Walter Eddie McComb, by striking her with a handgun, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
Count II:
As part of the same common scheme or plan that: Walter Eddie McComb in the First Judicial District of Harrison County, Mississippi, on or about March 3, 2003, did unlawfully, feloniously, wilfully and knowingly cause bodily injury to Walter O. Butler, with a deadly weapon, to-wit: a handgun, by shooting him with said weapon, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
And we, the aforesaid GRAND JURORS, upon our oaths do further present, that he, the said Walter Eddie McComb, is a habitual criminal who is subject to being sentenced as such pursuant to Section 99-19-81, Miss.Code of 1972, as amended, in that he, the said Walter Eddie McComb, has been convicted at least twice previously of felonies or federal crimes upon charges separately brought and arising out of separate incidents at different times and has been sentenced thereon to separate terms of imprisonment of one year or more, to-wit: (1) on July 30, 1999, he, the said Walter Eddie McComb, was convicted in the Common Pleas Court of Montgomery County, Ohio, in Cause Number 99-CR-1830, of the felony of Possession of Cocaine (1 to 5 grams) and on July 30, 1999, in said Court, was sentenced to a term of five (5) years in the custody of the Ohio Department of Corrections; and (2) On December 19, 2000, he, the said Walter Eddie McComb, was convicted in the Common Pleas Court of Montgomery County, Ohio, in Cause Number 00-CR-1658, of the felony of Attempt to Commit Theft, and, on December 19, 2000, in said Court, was sentenced to a term of three *1091 (3) years in the custody of the Ohio Department of Corrections; and against the peace and dignity of the State of Mississippi.
A TRUE BILL
Signature of the District Attorney and of the Foreman of the Grand Jury
Further, "[t]his Court's pivotal consideration when considering the validity of an indictment on appeal, `is whether the defendant was prejudiced in the preparation of his defense.'" Caston, 949 So.2d at 858(¶ 14) (quoting Wilson v. State, 815 So.2d 439, 443(¶ 11) (Miss.Ct.App.2002)).
¶ 10. McComb argues in his motion for post-conviction relief that the indictment is defective in both Count I and II because it did not contain the "word `serious' as a modifier for the phrase `bodily injury'" which is the same argument this Court heard in Caston, 949 So.2d at 855(¶ 6). McComb contends that the State failed to demonstrate his intent to cause "serious" bodily injury to either of the victims. McComb also argues the indictment was flawed because it failed to contain the phrase "other means likely to produce death." McComb argues that the State was required to prove he intended to cause serious bodily injury to his wife since he was charged under Mississippi Code Annotated section 97-3-7(4) (Rev.2006) for that assault. McComb also argues that he was improperly sentenced as a habitual criminal under Mississippi Code Annotated section 99-19-81 because the portion of the indictment charging him as a habitual offender followed the conclusion of the indictment.
¶ 11. The State argues that mere bodily injury is enough to be convicted under both statutes since a deadly weapon was used in the altercation. The State cites to Russell v. State, 924 So.2d 604 (Miss.Ct. App.2006) in support of its argument. The State argues that it is only required to prove McComb intended to use a deadly weapon. The State additionally argues that McComb was properly charged as a habitual offender since the indictment was a total of only two pages in length, with "against the peace and dignity of the State of Mississippi" appearing after the habitual offender language on page two of the indictment.
¶ 12. Under Mississippi Code Annotated section 97-3-7(2)(b) (Rev.2006), a person is guilty of aggravated assault if he or she "attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm." Additionally, under Mississippi Code Annotated section 97-3-7(4), "[a] person is guilty of aggravated domestic violence who [sic] commits aggravated assault as described in subsection (2) of this section against ... a current or former spouse...."
¶ 13. This Court's decision in Russell is relevant to the case at bar. Russell also argued that the indictment was "defective because it did not charge that he intended to cause [the victim] serious bodily injury." Russell, 924 So.2d at 607(¶ 6). In that case, this Court found that "intent to cause serious bodily injury is not an element of the crime of aggravated assault under section 97-3-7(2)(b)." Id. at 608(¶ 9). "In order to meet its burden of proof, the State must prove beyond a reasonable doubt that the defendant purposefully or knowingly caused or attempted to cause `bodily injury' to another with a deadly weapon." Id. at 608-09(¶ 9). Finally, and most important, "[t]here simply is no requirement that the State prove intent to cause serious bodily injury when the defendant is charged pursuant to section 97-3-7(2)(b)." Id. at 609(¶ 9). In this case, McComb used a deadly weapon to strike his current spouse at that time and to *1092 shoot the other victim. Thus, it can be said from the evidence and facts presented that the State showed intent to cause bodily injury with a deadly weapon. Further, McComb pleaded guilty to both counts. Therefore, we find no error in the language used in the indictment. Further, McComb was properly charged as a habitual offender, and we find no merit to his argument that the indictment was defective since it contained the language "against the peace and dignity" on both page one and page two. Therefore, this issue is without merit.

III. WHETHER THE GUILTY PLEA WAS VOLUNTARY.
¶ 14. In determining the voluntariness of a guilty plea, "[t]his court will not set aside findings of a trial court unless such findings are clearly erroneous." Holland v. State, 956 So.2d 322, 327(¶ 11) (Miss.Ct.App.2007) (quoting Swindoll v. State, 859 So.2d 1063, 1065(¶ 9) (Miss.Ct. App.2003)). A guilty plea must be entered intelligently and voluntarily by a defendant in order to be valid. Id. (citing Myers v. State, 583 So.2d 174, 177 (Miss.1991)). Further, this Court must determine whether "the defendant was advised of the nature of the charge against him and the consequences of pleading guilty." Hall v. State, 906 So.2d 34, 36(¶ 5) (Miss.Ct.App. 2004) (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). The inmate bears the burden of proof in establishing that the guilty plea was not voluntary. Id. (citing Swindoll, 859 So.2d at 1065(¶ 10)).
¶ 15. McComb argues that his plea was not voluntary because the indictment was fatally defective. The State argues that McComb failed to meet his burden of proof in establishing that his guilty plea was not entered voluntarily.
¶ 16. The order of the circuit court reflected that: (1) McComb voluntarily and knowingly waived his constitutional right to trial; (2) the plea of guilty was freely and voluntarily made; and (3) McComb was guilty based upon the facts presented to the court; therefore, the court properly adjudicated McComb guilty of both Count I and Count II. The circuit court's order further reflected that McComb was advised of the charges against him and the consequences of pleading guilty. McComb has failed to establish that his guilty plea was not voluntary; therefore, we find that this issue is without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.