CARLTON, J., for the Court:
¶ 1. Walter McComb appeals the Harrison County Circuit Court’s dismissal of his motion for post-conviction relief (PCR) as a successive writ and as time-barred. McComb argues that his attorneys violated his constitutional rights and failed to provide effective assistance of counsel by: (1) failing to file a motion for “bond relief’; (2) recommending that he take money to his plea hearing to pay his fines; and (3) failing to pursue an appeal of the adverse ruling on his Motion to Dismiss for Denial of Speedy Trial.
*930 ¶ 2. The procedural history of this case reflects that McComb filed his first PCR motion on March 12, 2007, and he filed this current motion on June 21, 2012.[1] The record contains an order from the circuit judge dated July 16, 2007, which denied McComb’s first PCR motion. The docket sheet also reflects this information, showing that McComb filed his first PCR motion on March 12, 2007, and that the circuit court denied this first PCR motion on July 16, 2007.
¶ 3. Finding no error in the circuit court’s dismissal of McComb’s present PCR motion as time-barred and successive-writ barred, we affirm.
FACTS
¶ 4. The underlying convictions stem from an indictment issued by a Harrison County grand jury charging McComb with Count I, aggravated domestic violence pursuant to Mississippi Code Annotated section 97-8-7(4) (Rev.2000), and Count II, aggravated assault pursuant to Mississippi Code Annotated section 97 — 3—7(2)(b) (Rev. 2000). The grand jury indicted McComb on each count as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2000).
¶ 5. Count I of the indictment for aggravated domestic violence charged that McComb “did unlawfully, feloniously, purposely or knowingly cause bodily injury with a deadly weapon, to-wit: a handgun, to Debra Joanne McComb, who was at the said time: a current spouse of Walter Eddie McComb, by striking her with a handgun....” Count II of the indictment charged McComb with committing aggravated assault as part of a common scheme or plan, wherein McComb “did unlawfully, feloniously, wilfully and knowingly cause bodily injury to Walter O. Butler, with a deadly weapon, to-wit: a handgun, by shooting him with said weapon.... ”
¶ 6. On June 3, 2004, McComb pleaded guilty to both counts charged in his indictment. The circuit court sentenced him as a habitual offender under section 99-19-81 to serve fifteen years on each count, with the sentences to run concurrently to one another, for a total of fifteen years, and to be served day for day.
¶ 7. On March 12, 2007, McComb filed his first PCR motion, in which he claimed: (1) his indictment was fatally defective; (2) his plea was involuntary; and (3) his attorneys provided ineffective assistance of counsel. On July 22, 2008, this Court affirmed the denial of McComb’s first PCR motion in McComb v. State, 986 So.2d 1087, 1092 (IT 17) (Miss.Ct.App.2008). Writing for the Court, Presiding Judge Myers found that all McComb’s assignments of error lacked merit.[2]
¶ 8. McComb filed this current PCR motion on June 21, 2012, more than eight years after his sentencing on June 3, 2004. He alleges that his attorneys violated his constitutional rights and provided ineffective assistance of counsel by: (1) failing to file a motion for “bond relief’; (2) recommending that he take money to his plea hearing to pay his fines; and (3) failing to pursue an appeal of the adverse ruling on his Motion to Dismiss for Denial of Speedy Trial. The circuit court concluded that the claims set forth in this second PCR motion *931 lacked merit and found McComb’s motion time-barred and successive-writ barred. See Miss.Code Ann. § 99-39-5(2) (Supp. 2013); Miss.Code Ann. § 99-39-23(6) (Supp.2013). The circuit court therefore entered an order dismissing McComb’s second PCR motion on January 10, 2013.[3] Aggrieved by the circuit court’s ruling, McComb appeals.
STANDARD OF REVIEW
¶ 9. “When reviewing a circuit court’s denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are ‘clearly erroneous’; however, we review the circuit court’s legal conclusions under a de novo standard of review.” Boyd v. State, 65 So.3d 358, 360 (¶10) (Miss.Ct. App.2011).
DISCUSSION
I. Successive-Writ Bar
¶ 10. As provided by the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a motion filed after entry of a final judgment that asserts the same issues is procedurally barred as a successive writ. See Ratcliff v. State, 120 So.3d 1058, 1060 (¶ 5) (Miss.Ct.App.2013); Williams v. State, 110 So.3d 840, 843 (¶ 13) (Miss.Ct. App.2013) (citing Miss.Code Ann. § 99-39-23(6)). As the movant, McComb bears both the burden of demonstrating that his claims are not barred as successive writs and that he has met an exception to the procedural bars. See Williams, 110 So.3d at 843 (¶¶ 13,15). We recognize that while errors that affect fundamental constitutional rights are excepted from the UP-CCRA’s procedural bars, bare assertions regarding such violations are insufficient. Id. at (¶ 15).
¶ 11. Mississippi precedent establishes “that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial.” Anderson v. State, 577 So.2d 390, 391 (Miss.1991) (citing Ellzey v. State, 196 So.2d 889, 892 (Miss.1967)).[4] The Mississippi Supreme Court has also recognized the right to a speedy trial as being included in this class of rights that a defendant may waive or forfeit. Id. at 392. McComb’s valid guilty plea therefore waived the argument that he received ineffective assistance of counsel because his attorney failed to appeal the adverse ruling on his Motion to Dismiss for Denial of Speedy Trial. Likewise, McComb’s guilty plea waived his remaining arguments asserting that he received ineffective assistance of counsel because his attorneys failed to file a motion for “bond relief’ and recommended that he take money to his plea hearing to pay his fines.[5]
*932 ¶ 12. Based on the record and applicable case law, McComb has failed to meet his burden to show that an exception to the UPCCRA’s procedural bars applies. Therefore, the circuit court properly dismissed McComb’s PCR motion as a successive writ.
II. Time-Bar
¶ 13. Because McComb entered a plea of guilty to the counts charged in his indictment, section 99-39-5(2) provides that he had three years from the entry of his judgment of conviction to file his PCR motion. As acknowledged above, there are exceptions, such as errors that affect fundamental constitutional rights, to the UPCCRA’s procedural bars, but the mov-ant bears the burden of demonstrating that he has met an exception. See Williams, 110 So.3d at 843 (¶ 15). In the present case, McComb failed to meet this burden.
¶ 14. The circuit court sentenced McComb on June 3, 2004, and he filed his current PCR motion on June 21, 2012. This delay spanned eight years, and McComb’s filing was therefore well outside the three-year time limit provided in section 99-39-5(2). In addition, like the successive-writ issue discussed above, McComb has failed to show that an exception applies to the time-bar. As a result, we affirm the circuit court’s dismissal of McComb’s PCR motion as time-barred.
¶ 15. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. In an order entered on January 10, 2013, dismissing McComb's most recent PCR motion filed on June 21, 2012, the circuit court mistakenly wrote that McComb filed a PCR motion on November 13, 2007, which the circuit court denied on January 11, 2008. This order reflects a scrivener’s error, however, and should have provided that McComb’s motion was filed March 12, 2007, not November 13, 2007, and denied July 16, 2007, not January 11, 2008.

. McComb, 986 So.2d at 1089-92 (¶¶ 7-16).

. In support of its ruling, the circuit court cited the following cases: Jackson v. State, 19 So.3d 106, 107 (¶¶ 6-7) (Miss.Ct.App.2009); Jones v. State, 995 So.2d 822, 824 (¶¶ 4-5) (Miss.Ct.App.2008); and Wildee v. State, 930 So.2d 478, 480 (¶ 5) (Miss.Ct.App.2006).

. See also Jefferson v. State, 855 So.2d 1012, 1014 (¶11) (Miss.Ct.App.2003) (stating that "a plea of guilty waives any evidentiary issue" (citing Bishop v. State, 812 So.2d 934, 945 (¶ 39) (Miss.2002))); URCCC 8.04 (discussing the consequences of a defendant’s entry of a guilty plea).

.The Uniform Rules of Circuit and County Court discuss the rights that a defendant may waive. Along with other pretrial issues, pretrial bond issues are waived upon a defendant’s guilty plea. See URCCC 8.02; URCCC 8.04; see also Hodgin v. State, 710 So.2d 404, 405 (¶ 2) (Miss. 1998) (finding that the affirmation of the denial of the defendant's original PCR motion rendered his motion for bond pending that PCR appeal moot); Langston v. State, 373 So.2d 613, 614 (Miss.1979) (holding that the defendant’s argument regarding denial of bond was rendered moot since the appeal on his criminal charge had been resolved against him); Robinson v. State, 875 *932 So.2d 230, 240 (¶¶ 29-30) (Miss.Ct.App.2004) (holding that the affirmation of the defendant’s conviction rendered her arguments as to her appeal bond moot).